# N. Y. SUPERIOR COURT.

### J. S. JONES and others agt. ALEXANDER FOWLER and others

The general rule as to the *time of the delivery of goods sold* is, that where goods are to be delivered, and no time is specified in the contract, it is a presumption of law that the parties intended and agreed that they should be delivered in a *reasonable time*. What is a reasonable time is a question of law.

Where cotton was sold by bill on the 21st of the month, to be received by the purchasers from the wharf, without specifying any time of delivery, *held*, that a delay of four days in tendering a delivery was unreasonable, and that the refusal or neglect of the sellers to deliver on the demand of the purchasers on the 21st and 22nd relieved the latter from all responsibility.

*General Term, January,* 1869

THE action was to recover the difference between the contract price of certain bales of cotton and the price obtained on a sale thereof after tender of a delivery and a refusal to accept.

The plaintiffs proved that the contract of sale was made on the 21st day of November, 1867. The bought and sold notes of the parties were read in evidence. The following is a copy of the sold note:

"New York, November 21, 1867.

"Sold for Messrs. Freeman, Johnson & Co.,

"To Messrs. Fowler Brothers,

"The following cotton, including sound rebaled, viz.:

| "Marks. | No. of Bales. | Stipulaticn. | Price per lb. |
|---|---|---|---|
| "W D ―― " W | 35 | B / C | at 18c. |

"Compressed; to be received from wharf.

"Terms cash on delivery.     DAYTON & WALDO,
                "per J. H. G.,
        "Cotton Brokers, 129 Pearl st."

Jones agt. Fowler.

The plaintiffs then proved that on the 25th of November they offered to deliver the cotton, and it was refused. Subsequently, they had it sold and it brought a less price than the defendants had agreed to pay.

The cotton, at the time of the sale to the defendants, was on board the steamer Zodiac, reported to be then in the harbor. *No offer to deliver the cotton was made previous to the 25th of November.*

One of the brokers who made the sale testified that he was requested by the plaintiffs to deliver the cotton to the defendants; that he went on the same day for the cotton, and it was not on the wharf; that he notified the defendants to attend and receive the cotton, but it was not on the wharf, and could not be delivered because it was not to be had   That he went twice for it on Thursday (21st.), and again on Friday (22d). On Saturday (23d), defendants said they had filled their order elsewhere, and refused to receive it. This witness explained the meaning of the words "to be received from wharf" to be, that the cotton was to be delivered on the wharf by the seller, and taken off the wharf by the buyer.

Another of plaintiff's witnesses testified that all the cotton was not on the wharf until the 25th, on which day he took a letter from the plaintiffs to the defendants, notifying them that the cotton was ready for delivery.

A motion to dismiss the complaint was denied.

The defendants proved that they demanded a delivery of the cotton on Thursday, the 21st.

One of the defendants' witnesses testified that he went by the direction of the defendants to the wharf about one o'clock on Thursday (21st), to ask for the cotton; that there was no cotton out; that the brokers, or some one on their behalf, asked permission to let "the thing" lie over until the next day (Friday) ; that he went over to get a delivery of the cotton once or twice on Thursday, and three times at least on

Friday; the last time was about four o'clock on Friday evening.

The court directed a verdict for the plaintiffs, to which the defendants excepted.

Judgment was suspended, and the exception sent to the general term.

H. NICOLL, *for plaintiffs.*
H. H. ANDERSON, *for defendants.*

*By the court,* MONELL, J. There were no disputed facts in this case, and therefore no question for the jury. The main facts were sufficiently established, and the only question to be examined is, whether upon such facts. the direction of the learned justice was correct. The contract of sale was made on the 21st of November. On that day, and again on the next day, the defendants demanded a delivery. The cotton was not delivered, for the reason that it had not been discharged from the vessel. On the 25th a delivery was tendered and refused.

The contract did not specify any time for the delivery, nor were there any extrinsic facts or circumstances which can materially aid the court in determining upon the time the parties had in which to perform. The case must, therefore, be disposed of, upon principles applicable to contracts, which are silent in respect to the time for their execution.

The question resolves itself into this: Did the demand made by the defendants on the 21st and 22d, and the inability, refusal, or neglect of the plaintiffs to deliver on those days, put an end to the contract and discharge the defendants; or, did the plaintiffs have until the 25th to make delivery?

The general rule is, that where goods are to be delivered, and no time is specified in the contract, it is a presumption of law that the parties intended and agreed that they should be delivered in a reasonable time. What is a reasonable

time is a question of law, to be determined upon the facts and circumstances of each case.

There is one fact in this case, which was proven, I suppose with the view of aiding the court in determining the question of reasonable time, which was, that at the time of the contract, the cotton was on board the steamer Zodiac, then reported as being in the harbor; that on coming up the bay, she got aground, and that her cargo had to be lightened to the city. The fact does not, however, in my judgment, help us in ascertaining what would be a reasonable time for delivery, however much it might, under certain circumstances, perhaps, *excuse* a delivery. It was not contemplated by the parties that any casualty would prevent an immediate execution of the contract, and cannot, therefore, be presumed to have entered into their intentions.

I cannot find anything in the contract, or in any surrounding fact or circumstance, to excuse an immediate delivery, or at least a delivery on demand.

The commodity sold, was capable of an immediate delivery, and no particular space of time was required to complete the sale by the symbolical delivery usual in such cases. The cotton was to be received by the purchaser upon the wharf. Placing it upon the wharf, and giving an order for its delivery to the purchaser, would constitute a delivery, and it would thereafter be his property, and at his risk.

There is nothing in the character of the property sold, that would indicate that four days would not be an unreasonable time for its delivery; nor is there anything in the circumstances of the sale that would lead us to the conclusion that the plaintiffs had the right to tender performance on the fourth day after the sale.

If anything is to be gained extrinsically, it is, that in the absence of express stipulations fixing the time of performance, parties intend and mean an immediate performance, provided, of course, the contract is capable of such per-

Jones agt. Fowler.

formance; and it would not be unfair to presume that the parties, in the case before us, contemplated, as well as intended, that the cotton should be delivered on the day of sale. Their acts indicate such intention. The plaintiffs and defendants, through and by their respective agents, went down to the wharf on the 21st, the former to deliver, and the latter to receive the cotton.

As I have said before, the casualty which prevented a delivery on that day, cannot enter into the question of reasonable time. For it may very well be, that to the defendants the delivery on the day of purchase, was of the very *essence* of the contract. They might have purchased for immediate reshipment or resale, either or both of which would have been defeated by the plaintiff's delay.

I am of opinion, therefore, that the delay of four days in tendering a delivery, was unreasonable, and that the refusal or neglect of the plaintiffs to deliver on the demand of the defendants releived the latter from all responsibility.

The exceptions should be *sustained*, the verdict set aside, and a new trial ordered, with costs to defendants to abide the event.

JONES and FITHIAN, JJ., concurred.