By the Court.—Monell, J.
The offer to show that the contract did not contain the whole of the agreement, because no time was specified for delivery, was properly overruled. The written memorandums, or bought and sold notes, were the best, and, therefore, the only proper evidence of the contract. They could not be varied, enlarged, or contracted by any parol evidence. There was no ambiguity or concealed meaning, that required explanation or development. And their silence in respect to the time of delivery, did not allow of its being shown that it was to be different from that which the law regulates in regard to such contracts.
It is a general rule that where goods are to be delivered, and no time is specified in the contract, the law will presume that the parties intended and agreed that they should be delivered within a reasonable time (Jones v. Fowler, 1 Sweeny, 5). What is a reasonable time, is to be determined upon the facts and circumstances of each case.
Under this rule, the law supplies the omission of the parties, and renders parol evidence, that they intended or agreed upon a different time, incompetent.
*229 The decision of the motion to amend the answer, is not reviewable. It rested wholly in the discretion of the court, and was not the subject of an exception to the ruling.
It is understood that the denial of leave to prove the pleadings and proceedings in the other action, was upon the ground that neither the pendency of that action, nor its result, had been set up by the defendants in their answer, as a bar to a recovery in this action.
On that ground, I think the evidence was properly excluded. It was new matter, and required to be specially pleaded in bar. If the facts existed when the answer was put in, it should have been set up as a defence at that time; or if they arose afterwards, then by way of supplemental answer. But it is very clear that unless put upon the record by being specially pleaded in bar, no proof whatever was admissible (Brazil v. Isham, 12 N. Y. R. 17).
The ground of the motion for a dismissal of the complaint, and the request to charge that it had not been shown that there was a demand for the delivery of the coal within thirty days after each sale, does not seem to have had any evidence to support it. All evidence tending to vary the written contracts had been excluded ; and they were left to be interpreted, under the rules of law, applicable to such cases. There was not, therefore, any evidence upon which the motion or request could be predicated, and they were properly refused.
Under the contract in question, either party could limit the time of delivery. The vendors, in the absence of any stipulated time, could, at any reasonable time after the sale, have tendered a delivery, and a refusal by the vendee to receive would have rendered them liable for the purchase price, or for damages. Such a tender would, in law, under such a contract, have been a performance of it by the vendee.
*230 The right of the vendees was similar. At any reasonable time after the sale, they might have demanded a delivery, and a refusal to deliver would have put the vendors in default.
But if neither party hastened the delivery, by a tender on the one part or a demand on the other, the time for the delivery would continue indefinitely, or at least until such time as by its. remoteness would raise the presumption of abandonment by the parties.
Under these principles of law, the demand established by the evidence was made in time to put the defendants in default, and was sufficient to lay the foundation for the recovery.
There was doubtless some controversy in the evidence both in respect to the demand made by the plaintiffs, and the tender made by the defendants; but the defendants’ counsel omitted to call it to the attention of the presiding justice, or to make any request that the questions arising upon such conflicting evidence should be submitted to the jury.
It is too late to take the objection now (Seymour v. Cowing, 1 Keyes, 532; Barnes v. Perine, 12 N. Y. R. 18 ; Winchel v. Hicks, 18 N. Y. R. 558; Mallory v. Tioga R. R. Co., 5 Abb. N. S. 420).
By omitting to make such request, it must be assumed that the defendants acquiesced in the view entertained by the judge, that there was not only no conflict in the evidence, but that it established the demand, and did not establish the tender, or offer to deliver.
But if it were otherwise, and the question could be presented now, I do not think we would reverse the judgment on that ground.
It was substantially admitted that a demand was made, but that it was not made within thirty days of the dates of the respective contracts. That, as we have seen, was not necessary. There was no proof that the time to deliver was limited to thirty days; and under *231 the contracts, the plaintiffs could make the demand at any time.
The evidence, which, it might have been claimed, tended to prove some sort of a tender, was wholly insufficient, and was properly disregarded by the j udge.
No objection was made to the rule of damages, and we need not, therefore, look at that question.
It was claimed by the defendants’ counsel, that in addition to proof of a demand, and of its sufficiency in point of time, it was also incumbent on the plaintiffs to prove that they were ready and willing to receive, and able to pay for, the goods.
It does not appear that this objection was urged at the trial; and being an objection which might have been obviated by proof, it should have been taken there, and cannot be insisted on now.
But I do not understand that such additional proof is required.
Performance, or tender of performance, is necessary as a foundation to an action by either of the parties to a contract; but such performance or tender of performance, may expressly or impliedly be waived.
The cases cited, especially Cook v. Ferrals, 13 Wend. 285, do not undertake to say that performance, or tender of performance, may not be excused or waived. Ordinarily, the readiness, willingness, and ability of the , vendee to perform, must be averred and proved. And such proof is required in contracts where the time and place of delivery is fixed. There the vendee must be ready at the time and place, unless the vendor has done something to excuse it, in which case performance, or readiness to perform, is not necessary.
Judge Stoby says (Story on Sales, § 412): If the vendor refuse to deliver the subject-matter of sale, the vendee may reclaim the whole price, if he has paid it, or the damages he may have suffered from the breach of the contract; and in Crist v. Armour, 34 Barb. 378, it was *232 held, that when either party to á contract which provides for performance hy "both parties at the same time and place, before the time for performance arises, notifies the other that he will not perform, the other party is relieved from averring or proving performance, or offer to perform ; and numerous cases are cited in support of the proposition.
This precise question arose in Anderson •».' Sherwood, 56 Barb. 66. It was an action for not delivering a quantity of wheat pursuant to contract, which, upon demand, the seller had refused to deliver, and the court, after stating the general rule, say, “ Butin this case the defendant refused to deliver when it was demanded of him, and I think in such case, the plaintiff was not bound to tender or offer the money to him.”
I think the exceptions should be overruled, and judgment ordered for the plaintiffs on the verdict, with costs.