PACIFIC IRON WORKS, Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant.

Plaintiff contracted to furnish to defendant certain goods, to be shipped at B., by a steamer named, plying between that place and New York, and delivered on board the steamer at Peck Slip, New York, free of charges. Defendant requested notice of the shipment. The goods were shipped, consigned to defendant, charges paid and notice given as agreed. The vessel arrived safely at the designated place. In an action to recover the contract-price, *held,* that upon such arrival the delivery was complete without notice, and the contract of the vendor performed, the carrier then becoming the agent of the defendant, and holding the goods for it; and that plaintiff was entitled to recover, although defendant failed to call for and receive the goods.

(Argued May 31, 1875; decided June 8, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to recover for certain goods alleged to have been sold and delivered by plaintiff to defendant. The referee found, in substance, that plaintiff agreed to make certain castings for defendant; that when completed they were to be shipped at Bridgeport, on board the City of Bridgeport, a steamer running between that city and New York, and to give the defendant notice of the shipment, and to deliver the castings on the steamer at Peck Slip, New York, and pay charges for transportation; that plaintiff manufactured the goods within a reasonable time, and shipped them, as agreed, addressed to defendant at Hunter's Point, L. I., and on the same day wrote notifying defendant of the

shipment. That on the next day the goods were delivered on the boat at Peck Slip, and charges paid, and he directed judgment for the price and value of the goods. It appeared by the evidence that the goods arrived in the morning, and were landed, and not being called for, a public carman, by instruction of the delivery clerk on the dock, went with a blank for the consignee's signature, to its office in New York, and informed the freight agent of the arrival, and unless removed they would be stored, and asked whether they would be received there. The agent answered that the proper place was Hunter's Point. The carman thereupon took the castings to Hunter's Point, but defendant refused to pay cartage and expenses. The carman thereupon returned them, and they were put in store.

*A. J. Vanderpoel* for the appellant. The referee erred in finding that there was a delivery by plaintiff on the boat at Peck slip. (*Krulder* v. *Ellison*, 47 N. Y., 36, 40; *McAndrew* v. *Whitlock*, 52 id., 40; *Price* v. *Powell*, 3 id., 322; *Ostrander* v. *Brown*, 15 J. R., 39; *Fish* v. *Newton*, 1 Den., 45; *Mary Washington* v. *Ayres*, 5 Am. L. Reg. [N. S.], 692.)

*Roger H. Lyon* for the respondent. After the arrival of the boat at Peck slip with the castings on board the delivery was complete. (*Suydam* v. *Clark*, 2 Sandf., 133; *Auterwater* v. *Dodge*, 7 Cow., 85; *Brewer* v. *Galesbury*, 9 Barb., 511; *Dows* v. *Morewood*, 10 id., 183; *Wilkes* v. *Ferris*, 5 J. R., 335; *Gray* v. *Davis*, 10 N. Y., 285; *Jennings* v. *Webster*, 7 Cow., 256; 1 East, 192; Story on Sales, § 311; 12 Mass., 300; *Stanton* v. *Small*, 3 Sandf., 230; *Dows* v. *Cobb*, 12 Barb., 318; Abb. Ship., 33; *Bennett* v. *Smith*, 15 Wend., 493; *Terry* v. *Wheeler*, 25 N. Y., 520; *Waldron* v. *Romaine*, 22 id., 368; Pars. on Con., 583; 3 B. & P., 584; 5 Price, 630; *People* v. *Haynes*, 14 Wend., 565; *Sweet* v. *Barney*, 23 N. Y., 335; *Krulder* v. *Ellison*, 47 id., 36; *Bailey* v. *H. R. R. R. Co.*, 49 id., 70; *Hedges* v. *H. R. R. R. Co.*, id., 223; 1 Daly, 23; *Newstadt* v. *Adams*, 5 Duer, 43; 20 Barb., 493.)

Allen, J.   Upon the evidence the referee might have found that the contract was for the delivery of the castings on board the steamer City of Bridgeport consigned to the defendant, and the payment of freight thereon to Peck Slip, New York.   Under such a contract the delivery would have been complete, and the property would have passed, by the delivery of the goods at the place of shipment, to the carrier selected by the defendant, and the payment of the charges to the point of destination.   (*Krulder* v. *Ellison,* 47 N. Y., 36, and cases cited by Peckham, J.)   The referee has found the contract more favorable to the defendant.   By the contract as found, the goods were at the risk of the plaintiffs while in transit, and were to be delivered on board of the steamer named, and by which they were to be shipped at Peck Slip, New York city, free of charge.   The carrier under this arrangement held the goods at the risk of the plaintiff until the vessel and goods reached the place of delivery.   He then became the agent of and held the goods for the defendant, the consignee.   The plaintiff did upon the completion of the voyage, and the arrival of the vessel, deliver the goods on board the steamer at Peck Slip for the defendant.   They were at the place and in the possession of the persons designated by the contract of sale for the defendant.   The contract was special and must have effect according to its terms.   The defendant had not required any notice from the plaintiff of the arrival of the goods in New York.   The defendant requested the plaintiff to notify it of the shipment, and such notice was given.   If any other notice was required by, or necessary for the defendant it should have been given by its agent, the carrier having the goods.   Had the contract been for the delivery at a particular warehouse, a deposit of the goods at the place appointed would have been a full performance by the seller, and the case is not different merely because the place of delivery, the place at which the plaintiff was requested to leave them for the defendant, chanced to be on the vessel by which they were transported to the place of delivery.   No manual change of position of the goods was necessary to complete the

delivery. The delivery in truth was complete at Bridgeport subject only to the contingency of the safe arrival of the property on the steamer at Peck Slip, New York. That contingency was fulfilled and the delivery was absolute and perfect. The evidence of the subsequent negotiations with, and declarations of the superintendent of the plaintiff, did not affect the result. No notice was taken by the referee in his report of the new promise and new agreement sought to be proved, and the recovery was upon the original agreement conclusively proved, and which was not controverted, and not upon the new promise or new agreement.

The judgment must be affirmed.

All concur; except ANDREWS, J., not voting; FOLGER, J., concurring in result.

Judgment affirmed.