Hatch, J.
(dissenting).—The contract between the parties was to deliver the coal upon the Gilbert switch, and until such delivery was made, there rested upon the defendant no liability to receive or pay. Pacific Iron Works v. Long Island R. R. Co., 62 N. Y., 272.
The delivery upon the Hasselback switch was not a delivery to defendant, and created no liability upon his part. *413 He had the right to insist upon the delivery at the place where he contracted for. It is claimed that this was done, and in consequence thereof, that the defendant bacame obligated to pay. This presents the question to be decided. When the first three carloads of coal were ordered, no time was agreed upon for delivery, and the same is true of the renewed order of October 19th. The law therefore required that such delivery should be made within a reasonable time, and what constitutes a reasonable time, must be determined with respect to the character, circumstances and surroundings of each particular case. Terwilliger v. Knapp, 2 E. D. Smith, 86; Jones v. Fowler, 1 Sweeny, 5; Cocker v. The Franklin H. and F. Mfg. Co., 3 Sumner, 530.
The last order was given on the 19th of October, when plaintiffs wrote that they had ordered two carloads onto defendant’s switch that day, and that they would put in another in a couple of days. The delivery was made by the Erie Railway. The record does not show when the order to the railroad was given for the two carloads last mentioned, but they were not in fact delivered upon the Gilbert switch until the 8th or 9th of November. The order for the third car was not given by plaintiff until October 26th; about two weeks thereafter plaintiff’s saw the defendant and he then informed them that the third car had not arrived. The plaintiffs however did nothing more to effect the delivery of this car of coal to the Gilbert switch.
The plaintiff Burns then knew that the order had been given and that the coal should at that time have been upon the Gilbert switch, yet with such knowledge and notice from the defendant, he testifies that he did nothing to secure its delivery. At this time the defendant was ready to take the coal, and told plaintiff to send it along. No attempt, however, to deliver was made, so far as the record shows. On November 28th, defendant’s son notified plaintiffs that the coal was still undelivered, and he testifies that he then notified the plaintiffs that his father would not take the coal. This testimony, however, is denied by plaintiffs, but it does appear that they had some communication with respect to it, for Palen testifies that he had frequent telephone communications with defendant’s place, the last one upon November 30th, and on that day he notified defendant in writing, stating that he should hold him “responsible for the car number 35,834. The Erie railway has placed it for you on the Gilbert spur, and will, dump it on the ground.” I think the necessary inference which arises from this notice, when coupled with all the testimony is, that plaintiffs then had notice that defendant would not receive the car, else there was no necessity for the notice. While the plaintiffs state that the car was then upon the Gilbert spur, *414 such was not the fact, nor was it placed there until two days after. It may be that the plaintiffs supposed the car had been delivered, and that the fault was with the railway, but that did not excuse them from performance. Jones v. Fowler, supra.
It is suggested that defendant knew that the coal would not be delivered under two or three weeks after the order, and that consequently the delivery was within the contemplated time.
This might be true as to the original order, but here more than twice the longest time has elapsed. I do not think it fair to assume that such time was within the contemplation of the plaintiffs or of the defendant when they had the subsequent conversation, and defendant notified them that the coal was not then delivered. Defendant had the right then to assume that the coal would be delivered without delay, as the order had been given on October nineteen. It appears that the defendant was manufacturing brick, and. used the coal for burning in his kiln. The plaintiffs were aware of this. ■ Defendant testifies that the season for burning brick had closed when the coal was finally delivered. Under all the circumstances, I think the coal was not delivered within a reasonable time after the order, and that the defendant was not bound to receive and pay for it. Such conclusion leads to a reversal of the judgment.
Beckwith, Ch. J., and Titus, J., were of opinion that the delivery of the coal was within a reasonable time, and voted for affirmance.
Judgment affirmed.