[Filed December 8, 1890.]

## EMIL SCHNEIDER *v.* THE O. P. R. R. CO.

SALE OF GOODS—DELIVERY—ACCEPTANCE.—In an action for goods sold and delivered, if the plaintiff allege and prove a delivery at the place agreed, and nothing remain for him to do, he need not show an acceptance by the defendant.

SAME—REFUSAL TO ACCEPT—REMEDY OF SELLER.—Where, however, defendant refuses to accept or pay for such goods, plaintiff may elect to treat the goods as belonging to defendant and bring an action for the contract price, or he may otherwise dispose of the goods and sue for damages.

SAME—MORTGAGE OR PLEDGE BY PLAINTIFF.—Where, after such delivery and refusal of payment, plaintiff mortgages or pledges the goods to secure a loan of money, he cannot maintain an action for the value of the goods against the defendant.

Linn county: R. P. BOISE, Judge.

Defendant appeals.    Reversed.

This is an action to recover the value of wood alleged to have been cut and delivered to defendant by plaintiff, and for damages for breach of a contract. The first cause of action set out in the complaint is as follows: "That on or about the 22d day of December, 1888, in Linn county, state of Oregon, the plaintiff made and entered into a contract with the said defendant, above named, the Oregon Pacific Railroad Company, whereby and wherein plaintiff undertook and agreed to cut all the wood on a certain piece or parcel of land bought by said company from G. W. Drewery in Fox valley, in Linn county, Oregon, and the right of way of said company, near said premises, into cordwood and suitable for use in the railroad engines, and deliver the same to the said company on their said right of way along the line of the railroad of said company whenever it was convenient to deliver said wood, and the said Oregon Pacific Railroad Company promised and agreed to pay plaintiff at the end of each month for all wood delivered by him in accordance with said contract during said month, at the rate of two dollars per cord, deducting ten cents per cord for the wood or timber furnished by said company; that plaintiff, in accordance with the terms of said contract, cut and delivered to the said company, along the line of their said road, 306 cords of wood, of the agreed value of $612, and of the net value, deducting the price of the timber purchased by defendant, of $591.40, and that said wood was all cut and delivered as aforesaid, prior to the 22d day of April, 1889; that defendant has failed, neglected and refused to pay plaintiff for said wood or any part thereof." There was a claim for damages and lumber, also set forth in the complaint, but for the purposes of this appeal they are immaterial.

The answer denies specifically each and every allegation of the complaint, and among other defenses alleges the following: "That said plaintiff never delivered to defendant any of the wood so cut by him, but sold and delivered the same to Fred Bender on the 11th day of March, 1889, together with other wood and property then claimed to be

owned by him, and received from said Bender full payment therefor."

The plaintiff in his reply denies each and every allegation in this part of the answer, with the qualifying phrase "except as hereinafter alleged," and then makes the following allegation in reference thereto: " Plaintiff, for a further and separate reply to defendant's further and separate answer, alleges that on or about the 11th day of March, 1889, plaintiff was, by reason of defendant's failure and refusal to comply with the terms of the contract for cutting wood mentioned in the complaint herein, and pay the money as it became due on said wood according to the terms of said contract, compelled to give a lien on said wood to one Fred Bender to raise money to pay off the men employed to cut said wood; that said lien was paid and satisfied and released in full before the commencement of this action."

A jury was called, and after the evidence was introduced and argument of counsel, they returned into court the following verdict:

"*Emil Schneider* v. *Oregon Pacific Railroad Company.*

" We, the jury in the above case, find for plaintiff for two hundred and eighty-two and a half cords of wood, at $1.90 per cord, $536.75, and lumber in the sum of $34; total, $570.75."

*H. H. Hewitt*, for Respondent.

*L. Flinn*, for Appellant.

Bean, J.—The only error complained of here is the entry of a judgment on the verdict of the jury for the value of the 282½ cords of wood, found by the jury to have been delivered to defendant by plaintiff. The contention of defendant is, that the allegation in the reply, that on March 11, 1889, plaintiff gave a lien upon this wood to secure the payment of money borrowed by him, is such an admission as will preclude his recovery in this action for the value of such wood. The complaint avers that the wood was delivered along the line of the defendant's railroad prior to the 22d day

of April, 1889, but as the reply alleges that the lien was
given on the 11th day of March, we must conclude, as a
necessary consequence, that the wood was delivered on or
before the date of the lien, so that it must be assumed, for
the purposes of this case, that after the wood was delivered
along the line of defendant's road, plaintiff either mortgaged
or pledged the wood to Bender for money with which to pay
his hands. This action is brought to recover the value of
the wood, and not damages for a breach of the contract by
defendant. The complaint alleges that the plaintiff delivered
the wood at the place provided in the contract for its deliv-
ery. In so doing he complied with the contract on his part
and was entitled to his pay for the wood at the rate agreed
upon. He was not required to allege or prove an acceptance
of the wood by the defendant before bringing his action.
(*Nichols* v. *Morse*, 100 Mass. 523; *Pacific Iron Works* v. *The
Long Island R. R. Co.* 62 N. Y. 272.) It appears, however,
from the record before us, that after the wood was delivered
by plaintiff at the place provided in the contract and agreed
on by the parties as the place of delivery, defendant refused
to accept or pay for it according to its agreement. Upon
the refusal of the defendant to pay for the wood, as it agreed
to do, plaintiff had the right to elect to treat the wood as
the property of the defendant and sue for the contract price
thereof, as he has done here, or otherwise dispose of the
wood and bring an action for damages for breach of the
contract if he was damaged by such breach; but he could not
take possession, sell, or encumber the wood, and sue for the
contract price. If he insists on having from the defendant
the price at which he contracted to sell the wood, he can
not consistently, with such a demand, sell or dispose of it to
another. In this case he has sued for the value of the wood,
and must recover, if at all, upon the theory that the wood
belonged to the defendant, and the sale was complete. (*Mc-
Lean* v. *Dunn*, 4 Bing. 772; Miller on Conditional Sales,
§ 28; *Girrard* v. *Taggert*, 5 S. & R. 18; *Cook* v. *Moore*, 1
Sand. 297.) If, after he delivered the wood along the rail-

road track, he saw proper for any reason to resume possession of it or exercise such acts of ownership over it as were inconsistent with a right of property in defendant, he can not recover in this action the value of the wood. When he mortgaged or pledged this wood to Bender to secure a loan of money, he thereby exercised such acts of ownership over it as precludes the idea of property in defendant. If the wood belonged to defendant he could not give a lien upon it, for he had no such interest in the wood as could be subjected to a lien. He could not treat the wood as the property of defendant and at the same time mortgage it to some other person. When he assumed the right to mortgage or pledge the wood to Bender to secure a loan he must have elected to resume control over the wood, and to look to defendant for damages for breach of its contract. He claims that he was compelled to give this lien because defendant would not comply with its contract. In this action it matters not what reason may have prompted him to make his election, whether the importunities of his creditors or the conduct of defendant. The only inquiry is, did he, by his actions, evince an intention to repudiate the sale and resume control of the wood? The conduct of defendant might possibly be a proper subject of inquiry in an action for damages, but the only question before us is the legal effect of the mortgage or pledge of the wood to Bender. The facts are admitted and we must apply the law to them. The plaintiff claims in his reply that the lien to Bender was satisfied and discharged before the commencement of this action, but he does not allege that he delivered the wood to the defendant after the lien was discharged. He says he delivered the wood prior to April 22, 1889, and the action was not commenced until October 14, 1889; so that the lien may have been satisfied prior to the commencement of the action, and yet after the alleged delivery of the wood; but we think it appears from the pleadings, and it was so assumed on the argument here, that the only delivery claimed to have been made was made prior to the date of the lien. It was argued

that the allegation in the reply is only a departure, and can not be taken advantage of after verdict, but we are unable to concur with counsel in the theory that such allegation is a departure. A departure in pleadings is defined to be where a party quits or departs from the cause of action or defense which he has first made, and has recourse to another. (1 Chitty on Pl. 644.) In this case the averment in the reply, that he gave a lien upon this wood to Bender, does not in any way constitute a cause of action against the defendant, but is an affirmative matter pleaded by plaintiff himself, which is a complete defense to the cause of action set out in his complaint.

It follows, therefore, that it was error for the court below to enter judgment against defendant for the value of this wood, and the judgment must be reversed and the cause remanded for further proceedings, as by law provided.