## COCHRAN COTTON SEED OIL CO. *v.* HAEBLER *et al.*

### (*City Court of New York, General Term.* October 24, 1892.)

**SALE—SHIPMENT—FUTURE DELIVERY.**

Where sale is made of so many barrels cotton seed oil for "October delivery," free on board, and the seller, who lives in a distant state, ships several lots without other notice to the consignee than a notice by mail, and the consignee makes no objection to manner of shipment, a subsequent shipment, made in the same manner, and arriving on the last day of the month, is good, though the seller did not receive it until the day following.

Appeal from trial term.

Action by the Cochran Cotton Seed Oil Company against Theo. Haebler and others. Judgment for plaintiff. Defendants appeal. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

*M. P. Stafford*, for appellants.   *R. B. Honeyman*, for respondent.

VAN WYCK, J. The plaintiff, whose place of business is at Rock Hill, S. C., sold on September 15, 1891, to defendants, whose place of business is in New York city, 200 barrels of cotton seed oil for October delivery in New York at 29 cents per gallon, free on board, weight guarantied. The plaintiff, from time to time prior to October 22d, shipped to defendants in accordance with this contract three lots of 50 barrels each by the Pennsylvania Railroad, a common carrier selected by it and not objected to by defendants, and at the time of each of such shipments notified defendants by mail of the same, and inclosed a bill of lading of the same, and also drew upon defendants for the amount of such shipment, which drafts were always paid upon presentation. The plaintiff had given no other notice, and this was the only effort made by it in reference to the delivery, and yet the defendants had received and accepted these first three shipments and paid for them without complaint on their part, either as to the carrier or the place and method of delivery in New York. The dealings and transactions between the parties as to the delivery of these first three lots certainly made an agreement as to the carrier, the place of delivery in New York, and the method thereof, and all that plaintiff was called upon to do in reference to the delivery of the last lot of 50 barrels was to ship them at Rock Hill, by the same carrier, and immediately mail notice of the shipment with the bill of lading as it had previously done upon each of the first three shipments, and draw upon defendants for the amount of the invoice. Of course, the same must, during the month of October, have reached the same pier at which the other lots had been delivered and accepted. All of this was done, and this shipment reached such pier in New York on October 31st, and if defendants did not learn of the same until the next day it was either their own fault or that of the carrier, who had ceased to be the agent of the plaintiff the moment the oil reached its destination, free on board and on time. It would seem that defendants had realized that it was their duty after receiving this notice and bill of lading to make inquiry as to the arrival of the shipment, for we find them on that day, at 12 o'clock noon, at the carrier's pier asking if the same had arrived, and upon being informed that the car had not yet arrived they left no instructions for the carrier to inform them if the car should arrive later on that day; and certainly the plaintiff, who was 800 miles away, and knew nothing of the delay, could not have so instructed the carrier. The plaintiff made the same delivery of this last lot as it had of the three others, and the delivery was good as to all. *Pacific Iron Works* v. *Long Island R. Co.*, 62 N. Y. 272. Both parties requested the court to direct a verdict, and neither requested to go to the jury. The verdict instructed for plaintiff is not against the weight of evidence, and the judgment is affirmed, with costs. All concur.