### COCHRAN COTTON-SEED OIL CO. v. HAEBLER et al.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

SALE—SHIPMENT—FUTURE DELIVERY.

    A shipment from a distant state, made so as to reach the pier of a common carrier in New York between 4 and 5 o'clock in the afternoon of the last day of October, is in time for "October delivery" at that place. 20 N. Y. Supp. 371, affirmed.

Appeal from city court, general term.

Action by the Cochran Cotton-Seed Oil Company against Theodore Haebler and another to recover the purchase price of 50 barrels cotton-seed oil manufactured in South Carolina, and sold "for October delivery in New York city." The defense was no due delivery. Judgment of the general term of the city court (20 N. Y. Supp. 371) affirming a judgment for plaintiff on a verdict directed by the court. Defendants appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Marshall P. Stafford, for appellants.
Robert B. Honeyman, for respondent.

PRYOR, J. We are of the opinion that the case was well decided by the court below. The propositions are indisputable that, because of the plaintiff vendor's engagement to deliver the oil in New York city, the property did not pass until delivery, and that the carrier was the plaintiff's agent to make the delivery. 2 Corbin's Benj. Sales, § 1040; Magruder v. Gage, 33 Md. 344; Hobart v. Littlefield, 13 R. I. 342; McNeal v. Braun, 53 N. J. Law, 617, 23 Atl. Rep. 687. But upon the arrival of the oil in the city of New York, at the pier where the defendants knew the railroad company would discharge its freight, there was a delivery of the oil in conformity with the terms of the contract; and from that time forth the company became the agent of the defendants, and the plaintiff was absolved from all responsibility for its conduct. Pacific Iron Works v. Long Island R. Co., 62 N. Y. 272. True, as contends the learned counsel for the appellants, in particulars the case varies from the one at bar. Still, for the propositions in support of which it

is cited, it is an explicit and decisive authority. The oil arrived at the pier in the city of New York between 4 and 5 o'clock P. M. of the 31st October; and, as the plaintiff had to the last hour of the day within which to deliver, the delivery was seasonably made, pursuant to the contract. Our conclusion is that, as matter of law, the plaintiff performed its agreement by due delivery; but, if a question of fact on the evidence, the parties consented, by motions for a verdict, that the judge should determine it, and we are not at liberty to review his decision.

Judgment affirmed, with costs. All concur.