JOSEPH U. KELSEA, PLAINTIFF IN ERROR, v. RAMSEY & GORE MANUFACTURING COMPANY, DEFENDANTS IN ERROR.

Under a valid contract for the manufacture and sale of goods, with instructions by the purchaser to vendor to send them to the purchaser, the delivery of the goods to a common carrier to be forwarded is a delivery to the purchaser, and the title passes to the purchaser subject to the vendor's right of stoppage *in transitu.*

In error to the Supreme Court.

For the plaintiff in error, *Stevenson & Humphreys.*

For the defendants in error, *John W. Griggs.*

The opinion of the court was delivered by

VAN SYCKEL, J. It appears in the case that the defendants, who live in Paterson, New Jersey, made a valid contract in March, 1890, with the plaintiff, who is a bobbin manufacturer in New Hampshire, under which the latter was to manufacture six thousand bobbins and send them to the defendants at Paterson.

The following are the controlling facts in the case :

The contract was made in March, 1890, and the plaintiff at once commenced to make the bobbins. On the 28th of March, 1890, the defendants wrote to one Wilkins, who had introduced them to the plaintiff, requesting him to tell the plaintiff to stop the order for the time being.

It does not appear that the contents of this letter were communicated to the plaintiff.

On the 29th of March, 1890, Wilkins replied to the letter of the defendants, asking them to explain why they wished to have the order canceled. The case shows no reply to this letter.

On the 6th of June, 1890, the plaintiff shipped to defendants by railroad fourteen hundred bobbins, and on July 25th, 1890, the balance of the bobbins was shipped in same way. Both lots arrived safely in Paterson, and on the 14th of August, 1890, the defendants wrote to the plaintiff that they would not accept or pay for them.

This suit was instituted to recover the price agreed upon when the order was given.

The first ground of defence is that the contract was made by Ramsey & Gore, and not by the Ramsey & Gore Manufacturing Company, and that therefore the motion to non-suit on the trial should have prevailed.

There is no merit in this contention. The letter of August 14th, 1890, acknowledges that it is the contract of the company.

The second objection is that all the bobbins were not sent at once, and that the defendants were not bound under the contract to accept less than the whole number ordered. Conceding this to be so, the sufficient answer is that this objection was not taken on the trial below, and when the letter notifying the plaintiff of the defendants' refusal to accept was written, the whole number of bobbins was in Paterson, of which fact the defendants had notice.

The third ground of defence is that the order to stop for a time terminated the plaintiff's right to fill the order, but to

this I cannot agree.   His right under the contract was to proceed at once with the manufacture of the goods, and to make delivery within a reasonable time.   The defendants had no right to require him to stop temporarily, and could not by such notice change the plaintiff's rights under the contract.

The fourth ground relied upon by the defendants is the debatable one, and that is that there was no acceptance by the defendant, and therefore that the title did not pass to defendants, and the price consequently cannot be sued for ; that the only remedy of the plaintiff is an action of damages for non-acceptance.

If the question in this case was whether there was delivery and acceptance *to take the case out of the statute of frauds*, it would be clear that the plaintiff could not recover, for there was a refusal to accept.   In this case the contract is conceded to be a valid contract in writing, and the question presented is the narrower one, whether there was such a delivery as passed the title to the vendees, so that they may be held for the purchase price.

The vendor claims that the delivery of the goods to the common carrier constituted a delivery to the purchasers, and passed the title to them subject only to the right of stoppage *in transitu.*

It is not asserted that the receipt by the carrier constitutes acceptance by the vendees—it is only a delivery, not an acceptance ; that the carrier, in absence of authority to accept, represents the purchasers only to receive and forward.

Although the cases upon this subject are not entirely in accord, the authorities generally hold that a delivery to a common carrier of the goods properly addressed to the vendee is a delivery to the vendee, subject to the vendor's right of stoppage *in transitu*, and to the vendee's right to reject for non-conformity to the contract.   *Brown* v. *Hodgson, 2 Campb.* 37 ; *Dutton* v. *Solomonson, 3 Bos. & P. 582 ; Dunlop* v. *Lambert, 6 Cl. & F.* 600 ; *Fragano* v. *Long, 4 Barn. & C.* 219 ; *Dawes* v. *Peck, 8 Term* 330 ; *Krulder* v. *Ellison,* 47 *N. Y.* 36 ; *Wilcox Company* v. *Green,* 72 *Id.* 17 ; *Spencer* v.

*Hale,* 30 *Vt.* 314; *Stanton* v. *Eager,* 16 *Pick.* 467; *Hunter* v. *Wright,* 12 *Allen* 548; *Hall* v. *Richardson,* 16 *Md.* 396; *Magruder* v. *Gage,* 33 *Id.* 344; 1 *Benj. Sales,* §§ 161, 181; *Story Sales,* § 306; 2 *Kent Com.* 499.

The distinction is made in some of these cases that, in order to give to the delivery to the carrier the effect of a delivery to the buyer, the carrier must be selected or named by the buyer.

When the contract of the manufacturer is simply to make the goods at an agreed price, he has fully executed the agreement on his part when the goods are produced at his factory ready to be delivered on demand. In that case, however, he is not authorized by the vendee to deliver them for transportation. But when the purchaser instructs the vendor to send the goods to him, it does not appear how it makes any difference in the rule applicable to the case, whether he names the carrier or not. If the carrier is not specified, the vendor, acting in this respect under the order of the purchaser to forward the goods, is his agent in the selection of the carrier, and in either case the carrier is, in contemplation of law, chosen by the purchaser.

In this case the purchasers expressly instructed the plaintiff to send the goods from New Hampshire to Paterson.

When the goods passed out of the possession of the plaintiff into the hands of the carrier, who must be regarded as the agent of the purchasers to transport them, the transfer of the title to the purchasers became complete, and all the rights of ownership in them passed to the purchasers.

If the carrier had converted the goods to his own use, the defendants could have maintained an action for them, or if there had been a loss in transit, it would have fallen on them.

In my opinion, therefore, the vendor was entitled to recover the contract price, and the judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, CLEMENT, SMITH.    10.

*For reversal*—None.