## BRIGHAM *v.* HIBBARD.

[43 Pac. 383.]

1. SALE — ACCEPTANCE.— Actual acceptance by the buyer is not essential to a complete sale and transfer of title of goods under a valid contract, where they conform to the contract.

2. PRINCIPAL AND AGENT — IMPLIED AUTHORITY.— A traveling agent and solicitor of orders has no implied authority to rescind or change a contract made with him for the purchase of goods, after the receipt of the goods by the other party.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This is an action brought by John W. Brigham, a manufacturer of boots and shoes in Boston, Massachusetts, to recover for goods sold and delivered to George L. Hibbard. The defendant admits the delivery of the goods, but denies the sale, claiming that he gave an order for certain goods, to be manufactured and shipped from Boston to one Wetmore,—an agent to solicit orders for plaintiff,—for which he was to pay five hundred and three dollars, but that the goods sent did not correspond with the order; that he examined them immediately after their receipt, and, finding that they did not conform to the order, notified Wetmore, who was in Portland at the time, that he would not accept the goods; and that by an agreement between him and Wetmore he retained the possession of them, to be sold on plaintiff's account. Judgment of the court below was in favor of plaintiff, and defendant appeals.        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. George G. Gammans.*

For respondent there was a brief and an oral argument by *Mr. Arthur C. Emmons.*

Opionion by MR. CHIEF JUSTICE BEAN.

1. There are numerous assignments of error in the record, but for convenience they may be grouped under two principal heads: *First,* error of the court in ruling, both in admitting testimony and instructing the jury, that if the goods delivered to the defendant were of the kind and quality ordered, plaintiff could recover without proof of an actual acceptance by the defendant; *second,* error in refusing to allow defendant to detail the entire conversation between him and Wetmore at the time, or soon after, the goods were examined. The first assignment of error is based on the contention that in an action for goods sold and delivered the plaintiff must not only prove a sale and delivery, but an actual acceptance by the vendee. We do not so understand the law. When it is sought to give validity to a contract, void under the statute of frauds, there must not only be a delivery but an actual receipt and acceptance of the goods by the buyer: *Caulkins* v. *Hellman,* 47 N. Y. 449 (7 Am. Rep. 461); *Remick* v. *Sanford,* 120 Mass. 309. But where the contract itself is valid, a delivery pursuant to its terms, at the place and in the manner agreed upon, if the goods conform to the contract, will sustain an action for goods sold and delivered, without any formal acceptance by the buyer: *Schneider* v. *Oregon Pacific Railroad Company,* 20 Or. 172 (25 Pac. 391); *Ozark Lumber Company* v. *Chicago Lumber Company,* 51 Mo. App. 555; *Nichols* v. *Morse,* 100 Mass.

523; *Kelsea* v. *Ramsey Manufacturing Company,* 55 N. J. Law, 320 (26 Atl. 907); *Diversy* v. *Kellogg,* 44 Ill. 114 (92 Am. Dec. 152); *Krulder* v. *Ellison,* 47 N. Y. 36 (7 Am. Rep. 402); *Pacific Iron Works* v. *Long Island Railroad Company,* 62 N. Y. 272; Benjamin on Sales (6th ed.), §§ 699, 765; Tiedeman on Sales, § 112. The buyer has a reasonable time after the delivery in which to examine the goods, and, if they are not of a kind and quality ordered, he may then refuse to accept them, and thereby rescind the contract; but this right does not prevent the title from passing nor a recovery by the seller in an action for goods sold and delivered, if in fact they do conform to the terms of the contract: Tiedeman on Sales, § 112.

2. The next assignment of error is not well taken because it does not appear that Wetmore had authority to cancel the contract between plaintiff and defendant, or substitute a new one, or to bind the plaintiff by any agreement in reference to the future disposition of the goods. He was a traveling agent and solicitor of orders for his principal, but such authority did not give him power to rescind or change the contract after the receipt of the goods by defendant: *Diversy* v. *Kellogg,* 44 Ill. 114 (92 Am. Dec. 154); *Stilwell* v. *Mutual Life Insurance Company,* 72 N. Y. 385. In this connection the defendant was permitted to give evidence tending to show that the goods did not conform to the samples and were not of the kind and quality ordered, and that immediately after their receipt he notified Wetmore of that fact, and refused to accept the goods, and the court held, and so instructed the jury, that if the goods were not of the kind and quality ordered, and immediately after the discovery of that fact the defendant tendered them back to

Wetmore, and gave him notice that they were subject to plaintiff's order, such facts would be a sufficient rescission of the contract, and prevent a recovery in this action, and this was as favorable to the defendant as he could reasonably expect under the showing as to Wetmore's authority to bind the plaintiff. The notice to Wetmore by defendant that he declined to accept the goods because they did not conform to the order was perhaps material as part of the *res gestæ,* and as an act on his part explaining and qualifying his conduct in allowing the goods to remain in his store, ( *Caulkins* v. *Hellman,* 47 N. Y. 449, 7 Am. Rep. 461,) but it was not within the scope of Wetmore's agency to make a new contract for the plaintiff in reference to such goods. Finding no error in the record, the judgment of the court below must be affirmed.

AFFIRMED.