Argued January 30; decided March 23, 1896.

## JOHNSON *v.* HIBBARD.

[44 Pac. 287.]

SALES — MANUFACTURE FROM SAMPLE — WHEN TITLE PASSES.—In sales of articles to be manufactured title passes when the articles are selected and set apart to the purchaser, provided they are in accordance with the contract; if they do not comply with the contract, no title will pass unless there is an acceptance.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This is an action by J. Johnson and Company against George L. Hibbard to recover eight hundred and fifteen dollars for goods sold and delivered at and for an agreed price. The defendant denies all the allegations of the complaint, except the copartnership of plaintiffs, and that certain goods were delivered. At 'the trial, the plaintiffs offered testimony tending to show that the defendant, at Portland, Oregon, had ordered from plaintiffs, at Rochester, New York, through their traveling salesman, certain boots and shoes, to be manufactured for defendant, and to correspond in width, size, quality, and style with samples exhibited, at the agreed price of eight hundred and fifteen dollars; that plaintiffs shipped the goods so ordered in two lots, on December thirty-first, eighteen hundred and ninety, and March twenty-eighth, eighteen hundred and ninety-one, which were received by defendant at his store on January thirtieth and April twenty-first, eighteen hundred and ninety-one, he paying freight and cartage; that immediately upon the arrival of the first lot defendant opened and examined the goods, and placed them on his shelves for sale, and kept them there for two or three months, selling from them as there was demand. The second lot was never examined by defendant, although the possession remained with him at the time of the trial. Defendant offered some correspondence between himself and plaintiffs. The first was a letter written by him March twenty-second, eighteen hundred and ninety-one, stating, in effect, that the shoes were narrower than those he had ordered, and in which he further

said: "I hold them here subject to your order. You may cancel the balance of my order. \* \* \* I will try to sell enough of them to pay the freight bill, if you say so." On March thirtieth, plaintiffs answered that the second shipment had started before the receipt of defendant's letter of the twenty-second. On April twenty-fifth, defendant again wrote that the goods did not fill the requirements of his order, specifying the objections, and closed by saying: "I will try to use the French kid, if agreeable to you, although the vamps being of the old style, they will go slow. But to accept the others, I will not, and will turn them over to whom you may designate or ship them back to you." The court instructed the jury, among other things, as follows: "Now the question here is whether these acts that have been shown here amount to a receipt and acceptance of these goods, or whether they do not. I submit the question to you along with the evidence, these letters, etc., that have been read, whether the defendant within a reasonable time repudiated this contract of sale alleged by the plaintiffs." And again, after explaining to the jury the right of the purchaser to disclaim the sale and reject the goods, he said: "I submit this question to you, whether, under all these letters that are written by the parties, there was reasonable diligence in disclaiming this sale." The only assignment of error relied upon here for reversal is touching this latter clause of the court's instruction, to which the defendant objected. The grounds upon which the objection is based are, *first*, there was no testimony offered which tended to

show an acceptance of the lot of goods received April twenty-second; and, *second,* the language of the court implies that defendant was liable unless he could show an affirmative defense, whereas it was incumbent upon plaintiffs to show an acceptance by defendant. There was a verdict and judgment for plaintiffs, from which defendant appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. George G. Gammans.*

For respondent there was a brief and an oral argument by *Mr. Arthur C. Emmons.*

Opinion by MR. JUSTICE WOLVERTON.

In the sale of articles or goods to be manufactured it is clear that no title passes to any specified articles or designated lot of· goods until their manufacture is completed, and they, by the understanding and consent, express or implied, of the parties to the sale, have been selected or designated, and set apart to the purchaser. The contract for such a sale, like a contract for the sale of goods not specified, is executory in its nature, and it does not become a complete bargain and sale until the identical goods to which the contract is to attach are specified or appropriated to its purposes. It seems the only question that there is any difficulty in determining is as to when the appropriation takes place. Where a simple order is given to a dealer for goods of certain quality and quantity, there is an implied

assent that the dealer shall make the selection, and the exact point in the act of making such selection when the dealer is no longer at liberty to change his intention may be designated as the time when the title vests in the purchaser. Mr. Benjamin says: "The rule on the subject of election is that when, from the nature of an agreement, an election is to be made, the party who is by the agreement to do the first act, which, from its nature, cannot be done till the election is determined, has authority to make the choice, in order that he may be able to do that first act, and when once he has done that act, the election has been irrevocably determined, but till then he may change his mind": Benjamin on Sales, § 359. Applying the rule to the case at bar the title would pass when the goods were manufactured and delivered to the common carrier consigned to the defendant, if made as ordered, and especially would it be so when received by the consignee: *Merchants' National Bank* v. *Bangs*, 102 Mass. 295; *Brewer* v. *Michigan Salt Association*, 47 Mich. 526 (11 N. W. 370); *Martz* v. *Putnam*, 117 Ind. 392, 400 (20 N. E. 270). There is some conflict in the authorities as to whether the same rule applies to a sale of goods to be manufactured as to a sale of goods not specified, but it is believed the weight of authority is in favor of the doctrine that it is alike applicable to the one case as to the other: 21 Am. and Eng. Ency. of Law, 494, 505. But, in order that the title may pass at this juncture of the transaction, the goods must conform as to quantity and quality with the specifications of the order. See

*Brigham* v. *Hibbard*, 28 Or. 386 (43 Pac. 383). If they did not so correspond, then an acceptance by the purchaser would be necessary to complete the sale, otherwise not. This case seems to have been tried in the court below upon the theory that the goods did not fill the measure of the order, as it would appear to have turned upon the question as to whether there had been an acceptance by the defendant. He does not question the plaintiff's contention that the facts show an unqualified acceptance of the first shipment, but claims the evidence does not warrant a finding that the last consignment was so accepted. It was argued that the court should have distinguished between the two consignments upon the question of acceptance, but no such instruction was asked for, and no error can therefore be predicated upon the court's failure in that respect. We think the court properly instructed the jury touching the question of acceptance, and we cannot see that the limited portion of the instruction excepted to does in any manner cast the burden of proof upon the defendant to show nonacceptance, which is the burden of appellant's contention. Finding no error in the record, the judgment of the court below is affirmed.          AFFIRMED.