RUDOLPH G. SALOMON, PLAINTIFF IN ERROR, v. LEWIS C. KING ET AL., DEFENDANTS IN ERROR.

Argued November 9, 1898—Decided February 27, 1899.

The plaintiffs sold fifty bales of merchantable gambia to the defendant, to be delivered ex-vessel at New York, "sound to be taken—sea-damaged, if any, to be rejected at time of delivery." At the vendee's request the gambia was delivered from the vessel to an express company, to be forwarded to Newark, N. J., where, after inspection as to quality, the gambia was rejected. Upon an action for the purchase price—*Held*—

1. That the special provision quoted applied only to damage arising from carriage by sea.

2. That in other respects the vendee, under this contract of sale, was entitled to a reasonable time after delivery in which to inspect the goods.

3. That delivery to the express company was delivery to the vendee, but the agency was for delivery only and not for acceptance.

4. The employment of an express company by a vendee to forward goods purchased but not accepted, does not constitute the carrier the vendee's agent to accept.

5. Questions of law arising under a contract of sale will be disposed of upon the assumption that the vendee will accept what he has bought if it conforms to his contract.

On error to the Essex Circuit.

Before MAGIE, CHIEF JUSTICE, and Justices DIXON and GARRISON.

For the plaintiff in error, *Frederic W. Ward.*

For the defendants in error, *Guild, Lum & Sommer.*

The opinion of the court was delivered by

GARRISON, J.   This action was brought by King & Company to recover the purchase price of fifty bales of gambia sold to Rudolph G. Salomon upon the terms set out in the following memorandum :

" NEW YORK, 19th June, 1896.

" Sold to Mr. R. G. Salomon, Newark, N. J., for account of Messrs L. C. King & Co., city.

" One hundred (100) bales usual good merchantable quality gambia for delivery at New York, during the month of September, 1896, sellers to have option of delivery either ex-store or ex-vessel.   Price, three and three-quarters (3¾) cents per ℔., payable in gold or its equivalent, by thirty (30) days' acceptance from date of delivery.   Sound to be taken—sea-damaged, if any, to be rejected at time of delivery.   Deliverable in good order, actual weights and 5 ℔s. per bale tare.

" W. R. RUSSELL & Co.,

"Accepted—                                " *Brokers.*

" R. G. SALOMON.

" W. I. SALOMON, Atty."

Under this contract fifty bales ex-store were delivered, accepted and paid for.   The remaining fifty bales—those in suit—were delivered ex-vessel to the Merchants' Express and Transportation Company, in New York, and by it carried to Newark, N. J., where, after inspection, the defendant refused to accept the goods, whereupon this action was brought.   At

the trial the defence was that the gambia was not of the quality called for by the contract; that the defendant was entitled, before accepting the goods, to an opportunity to ascertain by inspection whether they conformed to the contract, and that for this purpose a reasonable time must be allowed after the delivery of the goods to him at Newark. The general propositions of law involved in this defence were not denied by the court below, but their application was rendered nugatory by the construction that the learned judge placed upon the written contract of sale. According to the judicial view taken, a fixed term of the contract was the seller's option to make from the vessel a delivery to the vendee that called then and there for acceptance or rejection, and further that, under the contract, " the goods, if taken " from the vessel, "were to be considered sound." These errors, for such they are deemed to be, arose from the failure to give effect to the special character of the provision with respect to "sea-damaged" gambia. The clause is, "sound to be taken— sea-damaged, if any, to be rejected at time of delivery." A distinction is here made that is meaningless if the latter provision be not limited to damage arising from the single cause specified, viz., from carriage by sea. The elimination of this particular sort of damage leaves the contract in all other respects subject to the general rule relied upon by the defendant, viz., that after delivery he was entitled to a reasonable opportunity to inspect. *McNeal* v. *Braun*, 24 *Vroom* 617.

The same error of construction led logically to the conclusion that, for the purposes of this contract, the delivery exvessel to a common carrier as agent of the vendee imputed an acceptance. This, also, was error, for the reasons given and upon general principle, for if there be no proof to the contrary the mere delivery of goods to a common carrier as the agent of a vendee will not impute to him their acceptance under a contract of sale. The vendee's right to reject for non-conformity to contract is so connected with his opportunity to inspect that, under ordinary conditions, they stand or fall together. With respect to common carriers, the inspec-

tion of goods for the purpose of ascertaining whether they conform to a particular contract is ordinarily so foreign to their business that the employment of an express company by a vendee, nothing more appearing, will not constitute it the vendee's agent to accept goods sold and delivered. This is the view reached by several of the cases cited in *Kelsea* v. *Ramsey & Gore Manufacturing Co.*, 26 *Vroom* 320. The case itself is also cited as an authority upon this precise point, but it is not so, for the reason that there the contract was for the manufacture of articles under a special order, and the question of acceptance did not arise, but only the question of the agency of the common carrier generally.

The errors in law in the present case do not, however, lead to a reversal of the judgment, for the reason that upon the merits of the defence the verdict was for the plaintiff. The cause was tried before the Circuit Court, a jury being waived. The rulings of law are contained in a supplemental finding. The original finding was limited to the question of fact raised by the defence and is thus stated by the trial court : " The only question necessary to decide in order to ascertain the rights of the parties to this litigation, is whether the gambia delivered to the express company, the agent of the defendant, was, as to quality, *the gambia called for by the written agreement* between the parties."

The conclusion reached after a review of the case is : " The evidence satisfies me that the gambia delivered to the express company in the city of New York, to be by it delivered to the defendant, *was the gambia called for by this contract,* and that it was a performance of the contract upon the part of the plaintiffs."

In propounding the question of fact to be decided the phrase "the gambia called for by the written agreement" without any doubt describes the subject of sale with regard to its quality under the contract. The use of the identical expression in the decision of the question can have no other meaning than that which makes it an answer to the question that the court put to itself as disposing of the case upon its

merits. With this fact established, viz., that the gambia conformed to the contract, the legal rules with respect to delivery and acceptance are of no moment, inasmuch as, in legal contemplation, the vendee would, in any event, be compelled to accept the goods delivered as a full performance by the vendor under the contract.

The judgment of the Circuit Court is affirmed.