MILBERT E. PRICE AND WILLARD F. MAIN, PARTNERS TRADING AS THE EQUITABLE MANUFACTURING COMPANY, APPELLANTS, v. MINNIE C. ENGELKE, RESPONDENT.

Submitted July 3, 1902—Decided November 10, 1902.

1. A written contract of sale containing the words "goods delivered to purchaser when delivered to transportation company"—*Held*, not to constitute that a good delivery which would not have been a good delivery if made to the buyer personally.
2. Under an entire and indivisible contract for sale of goods, the buyer is not obliged to accept any part of the goods unaccompanied by the remainder.

On appeal from the District Court of the city of Hoboken.

Before Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiffs, *Joseph S. Parry.*

The opinion of the court was delivered by

PITNEY, J. This appeal was taken under the act of April 3d, 1902. *Pamph. L., p.* 565.

The action was brought to recover the agreed price of goods bargained and sold.

The defendant had judgment below.

From the state of the case agreed upon between the parties, according to the terms of the act, the following facts appear:

The plaintiffs were engaged in business at Iowa City, Iowa. The defendant, who seems to have been a resident of Hoboken, in this state, on March 22d, 1901, gave to the plaintiffs' salesman an order, in writing, for a quantity of jewelry at the price of $155, and a show-case to be furnished "free," in which order the following clauses were contained, viz.: "This sale is made under inducements and representations herein expressed and no others, and is subject to approval at Iowa City, Iowa. Goods delivered to customer when delivered to transportation company. Terms—net cash, thirty days. Profits guaranteed. We guarantee that the gross profits to the purchaser from the sale of the jewelry purchased hereunder and the jewelry hereafter purchased as hereinafter provided will average $50 a year for three years from the date of shipment; if the gross profits do not average $50 per year, we will pay by draft to the purchaser an amount sufficient to make up the deficiency under the following conditions: That the purchaser keep the jewelry well and tastefully displayed in his store in the show-case furnished for the purpose. Please ship goods mentioned on this order blank at your earliest convenience, and oblige." Here follow the signature and post-office address of the defendant and the signature of the plaintiffs' salesman.

This order was forwarded to plaintiffs at Iowa City, received by them on March 25th, and by them accepted. On March 29th they shipped the jewelry to the defendant at Hoboken by express. On March 27th they caused the show-case to be shipped by freight from Alliance, Ohio, consigned to the defendant at Hoboken. The defendant had no notice that the jewelry and the show-case were to be shipped separately, or by different modes of conveyance. The case shows no notice given to the defendant that her order had been accepted, other than such notice as may be deemed to result from the following facts: On April 3d she received notice from the express company that a consignment addressed to her was at the office of that company in Hoboken. She thereupon went to the express company's office, and finding only the jewelry there, and no show-case, she refused to receive the jewelry. What disposition was thereupon made of it by the express company does not appear. On April 26th she received notice from a railroad company that a show-case consigned to her was ready for delivery at the office of that company in Hoboken. She refused to receive the show-case, because, as she testified, it was to have been delivered in time for the Easter trade, and as it did not arrive until after that time, she was unwilling to take it. Counsel for the plaintiffs objected to this testimony of defendant on the ground that it tended to vary the written contract.

The trial court gave judgment for the defendant on the ground, among others, that all the goods mentioned in the order were not offered to the defendant at or about the same time. This, we think, was correct. The contract was an entire one, and although it referred to the show-case as being "free," it is manifest that this article was a material part of the consideration, for the order showed that the case was intended for the display of the jewelry, and that the defendant was required to use that show-case only, if she wished to avail herself of the guarantee of the plaintiffs contained in the same contract. The clause "goods delivered to purchaser when delivered to transportation company" did not constitute that a good de-

livery which would not have been a good delivery if made to her personally. The contract being entire and indivisible, the defendant was not bound to accept any part of the goods unaccompanied by the remainder; certainly not unless she was notified that the remainder of the goods were to be delivered shortly, and not even in that event unless she was given the option to accept conditionally that portion of the goods which was delivered in advance of the rest. 21 *Am. & Eng. Encycl. L.* (1*st* ed.), *tit.* "*Sales,*" 541, and cases cited; *Benj. Sales* (*Corbin's* ed.), §§ 535, 1032.

The case of *Kelsea v. Ramsey & Gore Manufacturing Co.,* 26 *Vroom* 320, furnishes no support for the claim of the present plaintiffs. In that case the objection that all the goods were not delivered at once was not taken in the trial court; moreover, it there appeared that, at the time of the defendants' refusal to accept the goods, the entire quantity of goods called for by the contract had been delivered according to the terms of the contract, of which fact the defendants had notice.

In our view of the present case the error assigned upon the admission of defendant's testimony as to the understanding with respect to the time when the goods should reach her becomes immaterial. That testimony went only to the question whether it was agreed that the goods should reach her in time for the Easter trade. While the defendant assigned this as a reason for refusing the show-case, it abundantly appears that she was justified in refusing it on other grounds. Unless the plaintiffs made such a delivery of the goods as constituted a performance of the contract on their part, she was not bound to accept them. The reasons that operated in her mind to induce her to reject them are of no consequence—there being nothing to show that her reasons were communicated to the plaintiffs, or that they were in anywise misled by her attitude.

The judgment will be affirmed, with costs.