### KERR, Commissioner, v. HAMMER.

#### (*Supreme Court, General Term, Third Department.* July 11, 1891.)

1. HIGHWAYS—ENCROACHMENTS—ASCERTAINING EXISTING ROAD.

Where proceedings have been had under 2 Rev. St. N. Y. marg. p. 501, § 1, (8th Ed. p. 1347,) which provides that it shall be the duty of the commissioners of highways "to cause such of the roads used as highways * * * as shall have been used for 20 years, but not recorded, to be ascertained, described, and entered of record in the town clerk's office," the question whether the commissioners exceeded their powers by altering or enlarging the boundaries of the road so ascertained, etc., is a question of fact in an action for obstructing such road.

2. SAME—CERTIFICATE OF JURY.

In an action for encroaching on a highway the certificate of the jury gave the particulars of the encroachment in full, except as follows: Thirty-two chains west from the township corner the encroachment is 36 feet, "which amount of encroachment continues for the distance of about one chain, when it gradually diminishes to 23 feet at the angle in said road at the distance of 36 chains 25 links west from said township corner." The certificate followed the statement contained in the order of the commissioners. The survey included in the order of the commissioners showed that the encroachment was 27 feet at the township corner, and was 23 feet at the angle in the road, and that the line to which defendant's fence (the encroachment) was to be removed was a straight line extending from a point 27 feet north of where the fence stood nearest the township corner to a point 23 feet north of where it stood nearest to the angle in the road. *Held*, that the certificate of the jury sufficiently complied with 2 Rev. St. N. Y. marg. p. 522, § 107, (8th Ed. p. 1389,) which requires it to state the particulars of the encroachment.

3. SAME—BY WHOM ENCROACHMENT WAS MADE.

A statement in the certificate of the jury that the encroachment was made by fences on land owned and occupied by defendant is a sufficient statement of the person by whom the encroachment was made, within the requirement of 2 Rev. St. N. Y. marg. p. 522, § 107, (8th Ed. p. 1389.)

4. JUSTICES OF THE PEACE—PROCEDURE—PRESENCE IN JURY-ROOM.

After the jury in an action before a justice of the peace had retired, the justice stepped to the door of the jury-room, and asked the constable in charge for a paper belonging to the justice. The foreman of the jury asked the justice if he could see the evidence, to which the justice answered, "No." Several questions were then asked him by the jurors, to which he replied that he could answer no questions, unless the parties were present and agreed. *Held*, that the irregularity was harmless.

Appeal from St. Lawrence county court.

Action by Alexander H. Kerr, as commissioner of highways of the town of Edwards, against Mary Hammer for encroachment on a highway. From a judgment of the county court affirming a judgment of a justice of the peace, by which the fence of defendant was adjudged an encroachment on the highway, defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Earl Bancroft*, for appellant. *Wm. Neary*, for respondent.

LANDON, J. A highway upon the site of the present one, or within a rod or two, appears to have existed for a longer time than any of the witnesses had knowledge. One witness, 75 years old, had lived within three-fourths of a mile of it for 65 years. In June, 1859, the commissioners of highways of the town of Edwards, presumably in pursuance of section 1, tit. 1, c. 16, of

·the first part of the Revised Statutes, (2 Rev. St. marg. p. 501, 8th Ed. p. 1347,) caused a survey thereof to be made and entered of record in the town-·clerk's office. The section says that it shall be the duty of the commission-ers of highways "to cause such of the roads used as highways as shall have .been laid out, but not sufficiently described, and such as shall have been used for twenty years, but not recorded, to be ascertained, described, and entered ·of record in the town-clerk's office." The survey thus made and entered ·of record describes the center line of the highway in question, and the com-missioners added the following thereto, over their signatures as commis-:sioners: "We, the undersigned commissioners of highways of the town of Edwards, do hereby order that the considered distance of each of the lines ·described in the above survey of the road be the center line, and that the. road be three rods in width." It did not appear that this road had been ·originally "laid out, but not sufficiently described," but did appear that it had been "used for twenty years, but not recorded." The appellant is right in asserting that the power of the highway commissioners was limited to as-·-certaining the boundaries of the road according to its actual use for 20 years; that they had no right to alter or enlarge its boundaries. *Ivory* v. *Town of Deerpark*, 116 N. Y. 476, 22 N. E. Rep. 1080. But whether the commis-·:sioners in 1859 altered or enlarged the boundaries of the road as it had been used for the 20 preceding years was a disputable question of fact upon the trial, and the jury, we must assume, found against the appellant. The road in question was described in the survey as beginning at the corner of four town-.ships. There was formerly a post marking the corner, but it has disappeared, .and the evidence was conflicting as to the exact location. The jury found the corner to be as located by the commissioner. We see no ground to reverse this finding. Objection is made that the certificate made by the jury does not .state the particulars of the encroachment, nor by whom made. The statute requires both statements. Section 107, 2 Rev. St. marg. p. 522, (8th Ed. p. 1389.) The certificate adopts the particulars of the encroachment as stated .in the order of the commissioner upon which defendant joined the issue which was tried by the jury. The particulars of the encroachment are exactly given except in the following: Thirty-two chains west from the corner of the four ·townships the encroachment is 36 feet, "which amount of encroachment con-tinues for the distance of about one chain, when it gradually diminishes to :23 feet at the angle in said road at the distance of 36 chains 25 links west from .said township corner." By referring to the survey which is included in the ·order of the commissioner attached to the jurors' verdict, it appears that ·the encroachment is 27 feet at the township corner, and 23 feet at the angle in the road; and that the line to which the defendant's fence is to be removed is straight, extending from a point 27 feet north of where defendant's fence ·stands nearest the corner to 23 feet north of where it stands nearest the angle in the road. Such being the case, the particulars of the encroach-ment are so stated as to enable the defendant to proceed to remove it without ·danger of mistake. The requirement of the statute that the jury must state in their certificate by whom the encroachment was made must be reasonably ·construed. The certificate states it is made by the fences on lands owned .and occupied by defendant. A rigid construction of the statute might de-feat its purpose. The certificate shows by whom the encroachment is main-tained. Its maintenance is in the nature of a nuisance, and, after notice to remove, its maintenance is equivalent to making it. We think it is a sub-.stantial compliance with the statute. While the jury were in consultation, the justice stepped to the door of their room, and asked the constable in charge for a paper belonging to the justice. The foreman then asked him if they ·could see the evidence, and the justice answered, "No." Two or three ques-tions were put to him by jurors, to which he replied that he could answer no ·questions unless the parties were present and agreed. He then withdrew.

No harm was done or intended. This affirmatively appears, and the verdict should not be disturbed because of the harmless irregularity. The judgment is affirmed, with costs. All concur.