Argued 18 October; decided 30 October, 1899.

### SCHUMANN v. WAGER.

[58 Pac. 770.]

SALES—BREACH OF WARRANTY—PARTIAL PAYMENTS.—In an action for the price of an article, where there has been a partial payment, and the defense is a breach of warranty, the defendant cannot recover the full amount paid unless the article was utterly worthless; but the measure of damage is the difference between the payment and the value of the article furnished.

INSTRUCTION AS TO BURDEN OF PROOF.—The party affirming a cause of action or defense always has the burden of proof in relation thereto.

From Multnomah :  E. D. SHATTUCK, Judge.

Action by Otto Schumann against Phœbe Wager to recover the balance due upon the purchase price of a rustic monument.   It is alleged that plaintiff furnished the monument to defendant at the agréed price of $145 ;  that $85 thereof has been paid, and judgment is demanded for the balance.   Defendant admits that plaintiff furnished the monument, but denies that it was for any agreed or stipulated consideration.   Further answering, she alleges, in effect, that plaintiff sold it to her for its reasonable value, under a warranty of its quality and suitableness for the purposes for which it was intended ; that she paid $85 on the purchase price ;  that it did not fulfill the requirements of the warranty, either in quality or suitability, and was utterly worthless for the purpose designed.   She demands judgment for the money paid, as damages.   Some special damages are alleged, but they refer to matters not material to the questions involved.

The allegations of the answer are denied by the reply, except the one touching the payment. Upon these issues trial was had before a jury, resulting in a verdict and judgment for the defendant in the sum of $25. Plaintiff appeals.                                 Reversed.

For appellant there was a brief and an oral argument by *Mr. Wm. Gregory*.

For respondent there was a brief and an oral argument by *Mr. Edward Mendenhall*.

Mr. Chief Justice Wolverton, after stating the facts, delivered the opinion.

After stating the general rules—that, if property purchased under a warranty has been paid for, the measure of damages will be the difference between the article contracted for and the one delivered, and that, if the article has not been paid for, the defendant can set up the warranty, and breach of it, by way of defense, in an action for the price—the court further instructed the jury as follows : ''In this case there seems to be these last two phases of the matter united, because the goods have been partly paid for, and the warranty, if broken at all, is one that may be supplied or compensated for by consideration of the difference in price between a good article and a bad one—between the article ordered and the article furnished. If you come to the question of warranty, your inquiry would be : What is this difference? What is the damage sustained by the delivery of the goods received and the goods ordered? If the defendant is entitled to recover, she is entitled to recover the eighty-five dollars back again, which is to be applied upon the general amount of damages which you might find, if you find any, between the goods ordered and the goods received.

The eighty-five dollars would have to be accounted for by your verdict in some such manner as that, if you come to that phase of the case.'' An exception was saved to that portion of the instruction touching the recovery by defendant of the $85 paid by her, which is assigned as error. It does not seem to us that the court below has laid down the proper rule governing in the premises. At least, the statement of it is not so clear that we can say the jury rightly understood it. The general rule is, as stated by the court, that, where the contract price under a warranty of quality has been fully paid, the measure of damages is the difference between the amount paid and the value of the article furnished. But the one applicable here, where only a partial payment has been made, is that, if the amount paid exceeds the value of the monument furnished, the defendant is entitled to recover the excess of payment, and this is the measure of her ultimate damages ; but, if the monument was worthless for the purposes intended, then the measure of damages would be the whole amount paid, and, if the reasonable value of the monument was greater than the amount so paid, then the plaintiff was entitled to recover the excess of such value over and above the payment. In no event could the defendant recover the $85, unless the monument was utterly worthless. The seeming effect of the instruction given is that, if defendant was entitled to recover at all, she was entitled to recover the $85, which was to be applied upon the general damages, measured by the difference between the price of the monument sold and the one ordered. The vice of the instruction consists in attempting to apply the general rule where the purchase price had been wholly paid, and this has led to the fallacy of statement touching the recovery of the $85 paid. We are satisfied the jury did not rightly

understand the rule applicable to the conditions of this case, and it was therefore prejudicial error for the court to have given the instruction in that form.

2. Another cause of complaint is the refusal of the court to instruct the jury, when requested, that the burden was with the defendant to substantiate her defense by a preponderance of the testimony. In this there was also error. The instruction asked was the ordinary one, that the party affirming a proposition has the burden of proof, and ought to have been given : Hill's Ann. Laws, §§ 787, 845.

For these reasons the case will be reversed, and the cause remanded for such further proceedings as may seem proper. Other questions have been argued and submitted, but, as it is probable they will not arise on a retrial, it is not deemed important that they be decided now.                                                REVERSED.