[No. 1823.]

### TILLEY ET AL. v. THE MONTELIUS PIANO COMPANY.

1. CONTRACTS—SALES—RESCISSION.

In order to rescind a contract, the parties desiring to rescind must act with some degree of promptness after they have discovered or have knowledge of the fact entitling them to rescind, and where there have been acts of acquiescence with full knowledge of the facts there can be no rescission.   Where parties purchased a piano and discovered the defects for which a rescission was claimed, within three months after the purchase, but retained possession and were in constant use of the instrument and continued to make monthly payments on the purchase price for more than two years thereafter before beginning suit to rescind, there was such acquiescence as would preclude a rescission.

2. SAME.

Where a piano was returned to the vendor for repairs, it was not such possession as would place the vendor in *status quo*, and was not effective for the purpose of rescission, but the return of the instrument for the purpose of repair was rather a notice of intention to affirm the sale.

3. PRACTICE—JURIES—VERDICT—INSTRUCTIONS.

In an action by a vendee against a vendor to rescind the sale of a piano, and to recover the amount paid on the purchase price, where the jury after retiring sent to the court by the bailiff, in the absence of counsel on both sides, a communication wherein they inquired

whether the following verdict would be admissible: "We, the jury, find the issues herein joined for the defendant, and further find that the plaintiff be allowed $25.00 for repairing said piano," to which communication the court returned by the bailiff a verbal answer, "No," it was not reversible error as in violation of code section 192. If error at all, it was not prejudicial.

4. APPELLATE PRACTICE—VERDICT—WARRANTY.

In an action for damage for breach of warranty of sale, the question as to whether there was a breach of warranty is one of fact for the jury to determine, and where the jury has found a verdict upon conflicting evidence and there is evidence to sustain the verdict, it will not be disturbed on appeal.

5. PRACTICE—INSTRUCTIONS—SALES—RESCISSION.

In an action to rescind a contract of sale of a piano, and to recover back the sum paid on purchase price, where the uncontradicted evidence showed that plaintiffs knew of the defect for which they claimed a rescission within three months after the sale, but they retained possession and used it for more than two years and then returned it for repairs before bringing suit to rescind, it was proper for the court to direct the jury that there had been no rescission.

6. SAME—BREACH OF WARRANTY—MEASURE OF DAMAGE.

In an action for damage for breach of warranty of sale, where plaintiffs had paid only part of the purchase price, an instruction that the measure of damage would be the difference between the value of the piano as purchased and its value in its defective condition, if erroneous, was an error in plaintiffs' favor, and cannot be complained of by plaintiffs.

7. PRACTICE—INSTRUCTIONS.

A party cannot complain of an instruction asked for by him and which is in his favor, even if it is not correct.

8. SALES—BREACH OF WARRANTY—MEASURE OF DAMAGE—INSTRUCTIONS.

In an action for breach of warranty on the sale of a piano, the measure of damage, if any, was the difference between the purchase price of the instrument and its actual value in its defective condition, if the purchase price had been fully paid, and if not, if the payment exceeded the value of the instrument, the measure would have been such excess only, and the court properly refused an instruction asked by plaintiffs to the effect that if they found a breach of warranty, defendant was liable for the full amount of money paid by plaintiffs.

*Appeal from the County Court of Arapahoe County.*

Mr. T. W. HOYT, for appellants.

Mr. THOMAS B. STUART and Mr. CHARLES A. MURRAY, for appellee.

WILSON, J.

About August, 1895, the plaintiffs purchased from the defendant company a piano for the sum of $385, of which $50.00 was paid in cash and the remainder was to be paid in monthly installments of $10.00 each, the deferred payments being secured by a chattel mortgage upon the instrument. At the time of sale, a general verbal warranty was given by Mr. Montelius, who made the sale, on behalf of his company, to the effect that the piano " was all right; that he would guarantee it for five years, and keep it in tune for the space of one year." About three months after the sale, the plaintiffs testified that they noticed that the case began to crack, showing small hair lines, and that it kept on cracking " till it got to be very bad." Of this, they notified the defendant at various times, and requested, as they say, that it be repaired. Nothing seems to have been done in the matter, with the exception that upon one or two occasions the defendant sent one of its employees to the plaintiffs' house to examine the instrument. It does not appear, however, what, if anything, this employee did in the way of repairs. In the mean time, plaintiffs continued to pay their monthly installments until some time in the summer of 1897, when they gave a new mortgage and new notes for the remaining indebtedness. Thereafter, Mr. Tilley testified that he continued to make complaints, and finally in the fall of 1897, at his request, the defendant sent for the piano and took it to its place of business for the purpose of seeing what, if anything, could be done for it; and, if possible, to repair it. Whilst the instrument was still so in possession of the defendant, about December, 1897, the plaintiffs commenced suit against the defendant company to recover the sum of $235, being the full amount which they had paid on the purchase price.

The action having been commenced in a justice court, there

were no written pleadings, and hence the character and nature of the suit can be determined only from a consideration of the evidence. The action could not be maintained upon the ground of a rescission of the contract for several reasons.

1. It was not begun in time, at least there were no acts on the part of the plaintiffs, within the proper time, showing any intention to rescind. It is a settled principle of the law of contracts that, in order to rescind, the parties so desiring must act with some decree of promptness after they have discovered or have knowledge of the fact entitling them to rescind. Where there have been acts of acquiescence with full knowledge of the facts, it cannot be done. Bishop on Contracts, § 680. Here, the parties admit that they discovered the defects within three 'months after the purchase, and yet they did not bring suit for more than two years thereafter. In addition to this, during all this time, they made the monthly payments required, retained possession of the instrument and were in constant use of it; each and all of which were acts of acquiescence showing an affirmance of the contract.

2. There was no attempt to restore the *status quo*, conceding even that no notice was necessary to the other party before suit could have been commenced upon a rescission of the contract; in other words, that the notice of the suit would be sufficient notice of this fact. Plaintiffs contend that the piano being in possession of the defendant, the *status quo* was restored. It was in defendant's possession, however, only for the purpose of repair, and we think that, upon principle and reason, such a return of the instrument was not effective for the purpose of rescission. Whilst they might have instituted the suit without notice, the delivery of the instrument to the defendant for the purpose of repair was, if anything, a notice to defendant of intention to affirm the sale. *Kase v. John,* 10 Watts, 107.

The suit was upon a breach of warranty, and, in fact, counsel seem to concede this by almost entirely basing their argument upon this theory.

Numerous errors are assigned, all of which, however, it will

not be necessary to consider. The principal one upon which plaintiffs seem to rely is based upon the alleged misconduct of the court. It appears that after the jury had retired, a written communication was conveyed to the court by the bailiff in charge, which read as follows:

" To the Honorable Judge, County Court:

" Will the following verdict be admissible :

" We, the jury, find the issues herein joined for the defendant, and further find that the plaintiff be allowed $25.00 for repairing said piano.

" CHAS. F. PUFF, Foreman."

To this, the court answered no, and this answer was returned to the jury by said bailiff, orally. It is admitted that all of this occurred in the absence of counsel on both sides. Counsel urgently insist that this was reversible error, being in direct violation of the express provisions of code section 192, which reads as follows :

"After the jury have retired for deliberation, if they desire to be informed of any point of law arising in the cause, they may require the officer to conduct them into the court; upon their being brought into court, the information required shall be given in the presence of, or after notice to, the parties or counsel."

This section, like all other code provisions, must be given a reasonable construction, and in applying this, we think that if there was error at all, it was wholly without prejudice. The requirement of the section is, that if the jury desire to be informed upon any point of law arising in the cause, they shall be brought into court, etc. Now, the question here propounded was not in reference to any question which could guide or influence the jury in the determination of their verdict for either party. It had reference, apparently, to the form of the verdict. The court merely told them,—and correctly so,—that they could not return a verdict for both parties. If they had desired to allow plaintiffs the sum of $25.00, they were at liberty to have done so under the posi-

tive directions and instructions of the court by returning a verdict in their favor for that amount of damages. This code section, as we construe it, is intended simply to apply to such instructions or communications from the court to the jury as might bear upon the issues of the case and influence it in its determination for the one party or the other. We do not think that the section was intended to reach, or would embrace, such communications as could not be construed to be instructions as to the law in the case, and were manifestly harmless in their character. This was such a communication, at least there was no showing of possible prejudice, and none can be reasonably presumed. *Thayer v. Van Fleet*, 5 Johns. (N. Y.) 110; *Kerr v. Hammer*, 15 N. Y. Supp. 605.

In code section 190, it is provided, that when the jury retire for deliberation, they shall be kept together in a room provided for them, etc. In several cases which have arisen, upon the jury being permitted to separate in violation of this section, our supreme court has held, that, even in criminal cases, it is not sufficient ground to sustain a motion for a new trial, in the absence of some showing of possible injury. *Jones v. The People*, 6 Colo. 452; *Dozenback v. Raymer*, 13 Colo. 451.

The principle involved is, in our opinion, the same as in the question before us.

Whether there was a breach of the warranty was a question of fact to be determined by the jury. It was found in favor of the defendant. The evidence was conflicting, but it was amply sufficient to sustain the verdict, and, under the well-settled rule, this verdict is binding upon this court.

The plaintiffs assign as error the giving by the court of the following instruction:

" You are further instructed that the evidence in this case shows that there has been no rescission of the contract, and therefore the title to the piano is still in the plaintiffs, and it is still absolutely their property. In such case, if you find that there was a warranty, and that there has been a breach thereof, the measure of damages would be the difference be-

tween the value of the piano as purchased by them, and its value in its defective condition, if you find there is such defective condition."

We have already discussed the question as to the rescission of the contract, and under the views which we have expressed, the court did not err in declaring that there had been no rescission. Possibly, the latter part of the instruction, as to the measure of damages, may not have been strictly correct, the purchase price not having been entirely paid; but, if there was error, it was in favor of plaintiffs, and they cannot complain. Under this instruction they might have been entitled to a verdict for the amount of the difference between the purchase price of the piano, and its value in its defective condition. This is, possibly, more than the plaintiffs would have been entitled to had the jury found in their favor; but, as we have said, the error, if there was any at all, would be in favor of the plaintiffs, and they are not entitled to now object.

Instruction No. 1, asked by the plaintiffs and refused by the court, was to the effect that if the jury believed that the defendant gave a general warranty without any reservations or exceptions, then, and in that case, the warranty would cover everything appertaining to said instrument. We are of opinion that the instruction, as asked for, was entirely too broad, and would have had a serious tendency to mislead, but it is unnecessary to discuss the question. The court did give an instruction practically to the same effect; and, even if erroneous, the plaintiffs, of course, cannot complain, it being asked for by them, and being in their favor. The court expressly told the jury, "that in a general warranty that covers the property in general, without any exceptions, would be a warranty against all defects," etc.

Plaintiffs also assign error upon the refusal of the court to give an instruction asked by them to the effect that if the jury believed the breach of warranty had taken place, " then, in that case, the defendant company is liable for the full amount of money paid by the plaintiffs, and it would make

no difference, whatever, how difficult it would have been for the defendant company to have complied with the warranty." It would have been gross error if the court had given this instruction. The action being upon breach of warranty, the defendant was liable only, if liable at all, for the difference between the purchase price of the instrument and its actual value in its defective condition, if the purchase price had been entirely paid; or, if not, if the payment exceeded the value of the instrument, the measure of damages would have been such excess only. *Schumann v. Wager*, 58 Pac. Rep. 770; 36 Ore. 65.

We have considered the chief assignments of error which counsel have discussed, and upon which they have seemed mostly to rely. There are a number of others, but they are of minor importance, and we deem it unnecessary to extend this opinion by a discussion of them. We have given attention to them, but in no case do we find any sufficiently prejudicial and material, even if error was committed, to justify a reversal of the judgment.

For these reasons the judgment will be affirmed.

*Affirmed.*