Decided 8 June, 1903.

## STEIGER *v.* FRONHOFER.

[ 72 Pac. 693.]

MOTION TO DISMISS OR AFFIRM — RULES OF COURT.

1. A motion to dismiss an appeal, or to affirm the judgment because of failure to file briefs, as required by Rule 14, need not be considerd where an examination of the record shows that the judgment should be affirmed on the merits.

INSTRUCTIONS ON IRRELEVANT ISSUES NOT PROPER.

2. Abstract propositions of law should not be stated to a jury under the guise of instructions, but the propositions should be applied to the facts in hand; thus, in an action for the price of sundry chattels, where a rescission was not pleaded, the court properly refused to give requested instructions stating merely the law on the right of rescission.

RESCISSION OF CONTRACT — CONSTRUCTION OF PLEADING.

3. Where an action was brought for the price of sundry sheep, an answer that the animals were bought for mutton, as the plaintiff well knew, that they were diseased and unfit for eating, that when defendant discovered their condition, some time after delivery, "he notified plaintiff that he could not use them, and that he held them subject to plaintiff's orders," is not a plea of rescission and return, for it does not state that defendant disaffirmed the contract, nor that he returned or offered to return the property, nor does it show any reason for not doing so.

SALES — DAMAGES FOR BREACH.

4. In cases of sales where the articles delivered are not of the kind or quality required by the contract, but the buyer elects to retain the property rather than rescind the sale, he is liable for the purchase price less such damages as he may

have sustained by the breach of the contract: for instance, where a seller of sheep delivered diseased animals, which the buyer retained without rescinding or offering to rescind, the buyer was entitled, in an action for the price of the sheep, to set off expense which he had been compelled to incur in caring for the sheep because of their diseased condition.

From Baker:  ROBERT EAKIN, Judge.

This is an action by John Steiger against Geo. Fronhofer to recover a balance alleged to be due the plaintiff on a contract for the sale and delivery of sheep.  It is alleged in the complaint that on or about the twentieth of September, 1901, the plaintiff sold and delivered to the defendant 177 ewe sheep, at the agreed price of $2.50 per head, and 20 lambs, at the agreed price of $2 per head, amounting in the aggregate to the sum of $482.50; that no part thereof has been paid, except the sum of $82.50; that the balance is due and payable.  The answer denies the contract as alleged in the complaint, except as thereinafter set out, and for an affirmative defense avers, in substance, that on or about the twentieth day of September, 1901, the plaintiff and defendant entered into a contract whereby the defendant agreed to purchase of the plaintiff the number of sheep and at the price alleged in the complaint; that plaintiff agreed to deliver the same when requested, and in such numbers as the defendant might elect; that the defendant at the time was engaged in the butchering business at Baker City, and the sheep he bought were intended for such purpose — a fact well known to the plaintiff; that, nothwithstanding the agreement, plaintiff delivered sheep to him in a diseased and unhealthy condition, all of which, with the exception of 41 ewes and 6 lambs, were wholly unfit for use in his business; that he did not discover their condition until some time after their receipt, and that immediately upon such discovery he notified the plaintiff that he could not use them, and that he held them subject to plaintiff's order; that by reason of the diseased condition of the sheep, and

because they were wholly unfit for the purpose for which they were purchased, he was obliged to, and did, care for them, and pay out therefor the sum of $761.20, for which he asks judgment against the plaintiff. The reply denies all the material allegations of the answer.

The evidence tends to show that the defendant went to the corral of the plaintiff, and inspected a band of about 2,000 head of sheep therein, for the purpose of buying some for butchering; that after making the examination he agreed to take 177 ewes, at $2.50 a head, and 20 lambs, at $2 a head; that he did not have time on the day of his examination to make the selection himself, but agreed to leave that to the plaintiff, and directed him to put the sheep, after they had been segregated from the band, in a pasture near by, belonging to one Worley, engaging to take care of them himself thereafter. On the next morning the plaintiff, as he testifies, separated the requisite number of sound, prime mutton sheep from the band, and put them in Worley's pasture for the defendant, as directed. A few days later he called upon the defendant for his pay, and received $82.50 thereon. About October 19, 1901, Worley took 20 head of sheep to Baker City, where they were delivered to and butchered by the defendant, and on the 27th or 28th of the same month 22 more were taken and used by him. The rest of the sheep remained in the pasture until about the twentieth of November, when Worley drove them down to Baker City; but at that time they were diseased and unfit for mutton, which was the first that defendant knew of their unsuitable condition. The defendant testifies that a few days later he notified the plaintiff "that the sheep was in very poor condition and diseased, and had the scab, and I could not use them, and I did not like to make any trouble for him. He should let me know what he wanted to do. I asked him to say what he wanted to do." Receiving no answer to this letter, he again wrote

to the plaintiff on the eleventh of December, saying: "As I wrote you before the sheep were affected and I had to pay Willett (Worley) for dipping them; then they broke out again and I had to have them dipped again. I had the stock inspecter look at them again, and I guess they are about all right now. I have done all I could to protect you, so if you will do the right, all right; if not, you can take the sheep back and be involved in a lawsuit." The defendant also gave evidence tending to show the cost and expense he had incurred in taking care of the sheep.

At the conclusion of the evidence he requested the court to charge the jury that if they found the contract was for the purchase of mutton sheep, and plaintiff had delivered sheep that were not suitable for that purpose, but were diseased, and on account thereof defendant was compelled to, and did, lay out and expend sums of money for their care, the verdict should be for him in such sum as he was compelled to expend in the care of the sheep. This instruction was refused, and the court charged the jury that, if the sheep were purchased from the plaintiff by the defendant for mutton sheep, the law implies a warranty by the plaintiff that they were sound and free from disease, and fit for that purpose, and that, if they were diseased at the time of delivery, the defendant is entitled to offset against the purchase price any damages that resulted to him in consequence of their diseased condition; that, if they were of the kind and quality called for by the contract, the plaintiff would be entitled to recover the balance due on the purchase price thereof, with interest thereon at 6 per cent per annum, but, if the defendant was entitled to damages on account of a breach of the contract, the jury should ascertain the amount thereof, which would include the total loss of the sheep, as well as defendant's outlay or other damages on account of their diseased condition, and, if such damages exceed the unpaid part of the purchase

price, then he would be entitled to a verdict for the balance. The verdict of the jury was in favor of the plaintiff, as prayed for in the complaint, and from the judgment entered thereon the defendant appeals.          AFFIRMED.

For appellant there was a brief over the name of *Smith & Heilner*.

For respondent there was a brief over the name of *Chas. A. Johns*.

MR. JUSTICE BEAN, after stating the facts in the foregoing terms, delivered the opinion.

1. The plaintiff moves to dismiss the appeal on the ground that the appellant's brief was not filed within the time required by the rules of this court. Rule 14 (35 Or. 600) provides that if the appellant shall, without reasonable excuse, fail or neglect to serve and file a brief as required, the respondent may have the judgment or decree affirmed, on motion and notice, but there is no provision by which he may have the appeal dismissed because of a failure to comply with the rules. The plaintiff's motion, therefore, is not technically within the terms of the rules, and it may be doubted whether the court would be justified in treating it as a motion to affirm rather than to dismiss. However that may be, the briefs have been filed upon both sides, and, upon examination of the record, we are of opinion that the judgment should be affirmed, which renders the further consideration of the motion unnecessary.

2. The error complained of by the defendant is that the trial court did not instruct the jury that, if the sheep delivered were not of the kind and quality called for by the contract, the defendant had a right, within a reasonable time after the discovery of their inferior or diseased condition, to return them and rescind the contract, and, if he did so, he would not be liable for the balance due on

the purchase price thereof. As an abstract proposition of law this may be conceded; but it has no application to this case, because rescission is not pleaded as a defense, nor was the court requested to instruct the jury upon that phase of the case.

3. The answer admits that the sheep were delivered by the plaintiff and received by the defendant, and there is no allegation of an offer to return them. The answer alleges that, notwithstanding the agreement, the plaintiff delivered to the defendant diseased and unhealthy animals, and the defendant did not discover their condition until some time after their receipt; that, immediately upon such discovery, "he notified plaintiff that he could not use them, and that he held them subject to plaintiff's order." But this is not an averment that he returned the sheep, or offered to return them, or that he rescinded or desired to rescind the contract of sale. A plea of rescission and return should show that the defendant disaffirmed the contract, and returned or offered to return the property, or should set up some excuse for not doing so: 19 Ency. Pl. & Pr. 47. The entire answer, as we construe it, is consistent with the intention of the defendant to retain possession of the sheep, and to recoup in damages for their alleged inferior or diseased condition.

4. The only instruction requested that has any bearing upon the question of rescission was that, if the defendant was compelled to lay out and expend money for the care of the sheep on account of their diseased condition, the verdict should be in his favor in such amount as he was compelled so to expend. But this is not law. If the sheep were not of the kind and quality called for by the contract, the defendant had a right to refuse to accept them, or, after delivery, if within a reasonable time, he could have returned them, and thereby rescinded the contract: *Sun Pub. Co.* v. *Minnesota Type Foundry Co.* 22 Or. 49 (29

Pac. 6); *Brigham* v. *Hibbard,* 28 Or. 386 (43 Pac. 383). But if he retained possession of the sheep, without rescinding or offering to rescind, the plaintiff was entitled to recover the contract price, less any damages defendant may have sustained by reason of a breach of the contract by the plaintiff, and the plaintiff's recovery could not be defeated simply because the sheep were diseased, or because the defendant was obliged to incur some expense in their care. The court instructed the jury that if the sheep were in fact diseased, and did not fulfill the terms of the contract, the defendant had a right to set off against the purchase price the amount he was compelled to expend in the care of the sheep on account of their diseased condition ; and this, it seems to us, was all he could ask, under the pleadings and the evidence : *Bump* v. *Cooper,* 19 Or. 81 (23 Pac. 806.).

AFFIRMED.