Argued 29 March, decided 18 April, 1904.

## LENZ *v.* BLAKE.

[76 Pac. 356.]

SALES—IMPLIED WARRANTY FOR PARTICULAR PURPOSE.

1. Where goods are sold by description for a particular purpose, known to the seller, there is an implied warranty that they are as represented, and suitable for the intended purpose.

SALES—EXAMINATION AND ACCEPTANCE.

2. Upon the receipt of goods the purchaser has a reasonable time to examine them and determine whether they are as represented and ordered.

SALES—ACTS CONSTITUTING AN ACCEPTANCE.

3. The act of reselling a part of a lot of goods, though without knowledge that they do not fulfill the warranty under which they were sold and bought, is an acceptance of the entire purchase.

MEASURE OF DAMAGES FOR BREACH OF WARRANTY—BURDEN OF PROOF.

4. In an action for the price of chattels sold, where they have been accepted, but there is a counterclaim for a breach of warranty, the defendant is entitled to only those damages that naturally result from the breach (*Gove* v. *Island City M. & M. Co.* 16 Or. 93, distinguished); and, in the absence of proof as to such damages, there should be no allowance therefor, the burden of proof being on defendant.

SPECIAL DIRECTION ON REVERSAL OF JUDGMENT.

5. Whatever may be the correct practice as to directing the trial court to enter a specified judgment upon a remandment of the case, it should not be done where the respondent has misunderstood a decision of this court and in consequence thereof failed to offer evidence in support of an important allegation of his pleading.

From Multnomah: ARTHUR L. FRAZER, Judge.

This is an action by the firm of Lenz & Lenz against Blake, McFall Company to recover a balance alleged to be due on account of the sale of paper boxes. The complaint avers that on June 3, 1901, plaintiffs, as partners, sold and delivered to defendant, a corporation, certain goods, wares, and merchandise, for the agreed price of $608.48, no part of which had been paid, except $190.18, leaving due $418.30, for which judgment was demanded. The answer denied the material allegations of the complaint, and averred that defendant entered into a contract with plaintiffs whereby they were to sell and deliver to it paper butter boxes, stating that they were grease-proof and fit for the butcher trade, for which purpose plaintiffs knew they were desired by defendant, which relied on such representations; that the boxes were not grease-proof; that defendant had no opportunity to ascertain that they were not as represented until after they were delivered and a part of them had been placed on the market, but as soon as it discovered that they were not grease-proof, it notified plaintiffs thereof, paid for the boxes sold, and tendered to them the remainder, which are of no value; and that, in consequence of a breach of the warranty, defendant has sustained damage in the sum of $418.30. The reply denied the allegations of new matter in the answer, and a trial being had, resulted in a judgment for the defendant, and plaintiffs appeal.                                   REVERSED.

For appellant there was a brief and an oral argument by *Mr. Arthur C. Emmons* to this effect:

I. The defense of breach of warranty in an action for the purchase price of goods sold is not a complete defense,

and bars recovery only so far as damages are shown to have been caused by such breach: 28 Am. & Eng. Enc. Law, (1 ed.) 827; 2 Sutherland, Damages, 438; Tiedeman, Sales, § 197; Benjamin, Sales, § 1153; 2 Schouler, Pers. Prop. 610, 611; Addison, Contracts, § 273; Story, Contracts, § 1080; 1 Parsons, Contracts, 593; *Schumann* v. *Wager,* 36 Or. 65 (58 Pac. 770); *Dean Pump Works* v. *Astoria Iron Works,* 40 Or. 83 (66 Pac. 605); *Warder* v. *Fisher,* 48 Wis, 338 (4 N. W. 470); *McAlpin* v. *Lee,* 12 Conn. 129 (30 Am. Dec. 609); *Carver Gin Co.* v. *Gaddy,* 62 Miss. 201; *Perley* v. *Balch,* 40 Mass. (23 Pick.) 283 (34 Am. Dec. 56); *Benson* v. *Port Huron & F. Co.* 83 Minn. 321 (86 N. W. 327).

II. The burden of proof is upon the defendant to show the extent to which he has been damaged by the breach of warranty, and if he fails to offer any evidence on that matter the plaintiff is entitled to recover the amount of the purchase price: *Stillwell* v. *Vaile County,* 78 Miss. 779; *Schumann* v. *Wager,* 36 Or. 65 (58 Pac. 770); *Underwood* v. *Wolf,* 131 Ill. 425 (23 N. E. 598); *Tacoma Coal Co.* v. *Bradley,* 2 Wash. 600; *Johnson* v. *Bowman,* 26 Neb. 745 (42 N. W. 754); Jones, Evidence, § 177; B. & C. Comp. § 799.

III. The appellate court may render judgment for plaintiff when there is no evidence to prove the issues tendered, so that the trial court would have been justified in directing the jury to find for the plaintiff: *Bernhard* v. *Reeves,* 6 Wash. 424; *Baltimore & O. R. Co.* v. *State,* 69 Md. 551; *Commercial Union Assur. Co.* v. *Scammon,* 126 Ill. 355 (9 Am. St. Rep. 607, 18 N. E. 562); *Harwood* v. *Blythe,* 32 Tex. 800; *Rush* v. *Steamboat Co.* 68 N. C. 72; *Rosenfeld* v. *Goldsmith,* (Ky.) 13 S. W. 3; *Willey* v. *Morrow,* 1 Wash. Ter. 474; *Retzer* v. *Wood,* 109 U. S. 185; *Rathbone* v. *Board of Com'rs,* 83 Fed. 125; *Hospes* v. *Almstedt,* 83 Mo. 473; *Lehigh Val. R. Co.* v. *McFarland,* 44 N. J. L. 674; *Columbus R. Co.* v. *Simpson,* 5 Ohio St. 251; *Burris* v. *Park County,* 55 Mo. App. 381; *Swearinger* v. *Pendleton,* 4 Serg. & R. 389;

*Wheelock* v. *Moulton*, 13 Vt. 430; *Fischer* v. *Blank*, 138 N. Y. 669 (34 N. E. 397); *Howard* v. *Freeman*, 3 Abb. Pr. 292; *Murray* v. *Emmons*, 26 N. H. 523.

IV. Where the respondent has had ample opportunity to present to the court below all matters of fact bearing on the issues in the case, he cannot object, on a reversal of the judgment, to the action of the appellate court in rendering judgment instead of remanding the case, on the ground that he has other evidence constituting a defense, and that the case has not been fully developed : *Blakemore* v. *Jones*, 5 Tex. Civ. App. 516 (24 S. W. 305); *Hospes* v. *Almstedt*, 83 Mo. 473; *Daniel* v. *Ballard*, 32 Ky. (2 Dana) 296; *Hubnall* v. *Wall*, 11 La. Ann. 57.

For respondent there was an oral argument by *Mr. A. King Wilson*, with a brief over the names of *A. K. Wilson* and *O. A. Neal* to this effect :

(1) Where each of the parties is to do an act at the same time neither can maintain an action without showing performance on his part: *Putman* v. *Mellin*, 34 N. H. 78. See, also, *Ray* v. *Hodge*, 15 Or. 20 (13 Pac. 599); *Fisk* v. *Henarie*, 13 Or. 156 (9 Pac. 322).

(2) Before the plaintiffs can recover they must allege and prove performance on their part of every act in the contract which is a consideration for something which the other party agrees to do therefor : *Todd* v. *Huntington*; 13 Or. 9 (4 Pac. 295); *Gove* v. *Island City M. & M. Co.* 16 Or. 93 (17 Pac. 740); *Faber* v. *Hougham*, 36 Or. 428 (59 Pac. 547); *McMahan* v. *Canadian Ry. Co.* 40 Or. 148 (66 Pac. 708).

MR. CHIEF JUSTICE MOORE, after stating the facts in the foregoing terms, delivered the opinion of the court.

The bill of exceptions discloses that at the trial plaintiffs introduced testimony tending to show a sale and delivery of the goods without any representations as to their quality. The defendant's evidence, however, tended to

prove that the boxes were sold with a warranty, upon which it relied; that the goods were delivered in June, 1901, and it was not discovered until about two months thereafter that the boxes were not suitable for the purpose for which they were ordered; and that there was a substantial difference in quality and value between the boxes ordered and those delivered. No evidence was offered, however, tending to show the difference in value, or how much defendant was damaged by the breach of the warranty. Based upon such want of proof, plaintiffs' counsel requested the court to give the following instruction:

" The defendant having failed to show how much, if anything, it had been damaged on account of the noncompliance of the goods delivered with the warranty alleged in the answer, the plaintiffs are entitled to recover the full amount remaining unpaid on the agreed contract price of the goods sold and delivered to defendant."

This was refused, and the jury were charged, in effect, that if there was a warranty that the boxes sold should be grease-proof, and the defendant relied thereon in purchasing them, and they were not as represented, plaintiffs could not recover. Exceptions having been taken to the instructions given and refused, it is contended by plaintiffs' counsel that errors were thereby committed.

1. The answer having stated that the boxes were intended for a particular purpose, known to the plaintiffs, and sold by them by description, an implied warranty was thus alleged that the goods should be as represented, and reasonably fit for that purpose: *Morse* v. *Union Stock Yard Co.* 21 Or. 289 (28 Pac. 2, 14 L. R. A. 157); *Abilene Nat. Bank* v. *Nodine*, 26 Or. 53 (37 Pac. 47); *Gold Ridge Min. Co.* v. *Tallmadge*, 44 Or. 35 (74 Pac. 325).

2. The defendant had a reasonable time to inspect the goods after their receipt, and, if they did not correspond with those ordered, the warranty in respect thereto might

have rendered that part of the contract tantamount to a condition precedent, thereby authorizing the defendant to repudiate its agreement: Tiedeman, Sales, § 180; *Sun Pub. Co.* v. *Minnesota T. F. Co.* 22 Or. 49 (29 Pac. 6); *Brigham* v. *Hibbard,* 28 Or. 386 (43 Pac. 383); *Steiger* v. *Fronhofer,* 43 Or. 178 (72 Pac. 693).

3. The defendant, having sold a part of the boxes before discovering they were not suitable for the purpose for which they were intended, thereby accepted them and was entitled only to a counterclaim for such damages as naturally resulted from a breach of the alleged warranty: Tiedeman, Sales, § 197; *Drake* v. *Sears,* 8 Or. 209; *Schumann* v. *Wager,* 36 Or. 65 (58 Pac. 770); *Dean Pump Works* v. *Astoria Iron Works,* 40 Or. 83 (66 Pac. 605).

4. In *Gove* v. *Island City M. & M. Co.* 16 Or. 93 (17 Pac. 740), a contractor having agreed to alter a mill by putting in improved machinery, so that when completed it would have a capacity to make a given quantity of flour per day, of a specified quality, but failing to comply therewith, it was held that the owner, by using the mill after the change, did not thereby accept the work, or waive a performance of the conditions upon which the right to the final payment depended. Mr. Justice Thayer, referring to the parties, in deciding the case, says : " The respondents proposed to substitute for the process the appellants were using in their mill to manufacture flour a new and improved process, the efficiency of which they especially guaranteed. The mill was to be under their control, when constructed, until accepted by the appellants. The latter were to furnish wheat, bear the expense of operating the mill from the time of starting it, and when the guaranty was fulfilled, were immediately to accept it, and were then to make said last payment. The respondents were to demonstrate by a practical test that they had fulfilled their guaranty. The said payment did not mature until that was done. It was

a condition precedent to the making of the payment: *Glacius* v. *Black*, 50 N. Y. 145 (10 Am. Rep. 449). The respondents had no right to demand the $2,934.25 until they had proved by actual trial that the mill had a capacity of sixty barrels of flour in twenty-four hours' time, and that it was as capable of making as good flour, and as much flour per bushel of wheat, as any mill in Eastern Oregon, when grinding the same kind of wheat. This was the respondents' proposition—the proposition which appellants accepted, thereby making it binding upon both parties. The respondents had no cause of action for the recovery of said payment until they established by proof not only that they had furnished the material and done the work, but that they had constructed a mill with the capacity to manufacture flour in the quantity and of the quality as expressed in the guaranty. * * If, therefore, the capacity of the mill, when reconstructed, failed in a material particular to comply with the special guaranty, the respondents had no right of action on account of a refusal to pay the deferred payment, unless the appellants waived a performance of the condition. According to the evidence, the respondents did not make the required test to ascertain whether the mill possessed the capacity and capability guaranteed. They only ran the mill a few days, and only for a few hours at one time. * * Nor did the evidence show an acceptance of the mill on the part of the appellants. The new work and materials were so intermixed with the old work that they could not be separated without entirely destroying the utility of the mill. The contract for its construction was entire and indivisible, and the making of the payment in question was, by its terms, dependent upon its completion ; nor did the appellants, by using the mill, waive any right to demand a performance of the condition upon which the payment was to be made."

The judgment in that case having been reversed, and the cause remanded, the plaintiffs therein voluntarily dismissed the action, which was based on a contract for the payment of an agreed price, and instituted another to recover the reasonable value of the labor performed and of the material furnished in altering the mill: *Gove* v. *Island City M. & M. Co.* 19 Or. 363 (24 Pac. 521). It would seem, from this change in the manner of stating the facts constituting the plaintiffs' right, in the cases to which attention is called, that their counsel believed that though a recovery of the agreed price could not be had under an averment thereof, because it was impossible to show a substantial compliance with the stipulated conditions, the reasonable value of such labor and materials might be secured under *quantum meruit* and *quantum valebant* allegations. A careful reading of the opinion, a part of which is quoted, will show that the denial of the right of recovery was based on the want of an acceptance of the new machinery incorporated into the old mill, and, to avoid the consequence of such holding, plaintiffs' counsel evidently thought that the labor performed and the material used in changing the process of making flour must have been of some advantage to the defendant, for which it should pay the reasonable value. It will be observed, from an examination of the opinion in the first appeal under consideration, that this court, adopting the language of Mr. Justice COMSTOCK in *Smith* v. *Brady*, 17 N. Y. 173 (72 Am. Dec. 442), held that the owner of land upon which another person erected a building, under a contract with him, for a specified price, is not obliged to tear down the structure, if it is not built in accordance with the plans and specifications, in order to avoid a legal acceptance of the building, but that he may use it in its defective condition without prejudicing his rights, because, the structure having been placed on his premises, he is not in a position to

make an election. Whatever the rule may be in cases where a plaintiff voluntarily abandons the terms of his contract respecting an agreed price, and seeks to recover the reasonable value of labor performed upon, or material furnished and used in, the construction of a building on the land of another person, so that a segregation thereof cannot be had without material injury to the estate, it can have no application to a case involving the sale of goods, wares, or merchandise, for their acceptance or rejection after an allowance of a reasonable time for inspection is a matter of choice with the purchaser.

Causes of action are stated in the complaint, and, in the case at bar, when plaintiffs proved a sale and delivery of the butter boxes, they made a *prima facie* case that entitled them to a judgment for the unpaid purchase price, and the court erred in giving the instruction of which they complain. As an incident to the sale, the defendant alleged a warranty of their quality, and a breach thereof, resulting in damages; thus taking the burden of proving such affirmative averments: B. & C. Comp. § 799; *Schumann* v. *Wager*, 36 Or. 65 (58 Pac. 770). The defendant not having offered any evidence to prove the affirmative of the issue tendered by it, the court also erred in refusing to give the instruction requested.

5. It is insisted by plaintiffs' counsel that, an error having been committed in refusing to charge the jury as requested, the cause should be remanded, with directions to the trial court to enter a judgment for the sum demanded. The defendant's counsel evidently relied on the decision rendered in *Gove* v. *Island City M. & M. Co.* 16 Or. 93 (17 Pac. 740); and, this being so, if the course suggested were proper as a rule of practice, it would be manifestly unjust to deprive the defendant of the right to prove the allegations of its answer. If plaintiffs are able to establish

44 OR.——37

○

that the boxes were sold without any representations as to their quality, or, if upon a warranty, that there was no breach thereof, judgment should be rendered in their favor for the agreed price; but, if the defendant can show that the goods do not correspond with the representations alleged to have been made, and that they are unfit for the purpose for which they were ordered, and wholly valueless, judgment should be rendered in its favor for the costs and disbursements of the action. If the boxes possess any value, however, for other purposes than as ordered—such, for instance, as paper stock—whatever that value may be, if anything, judgment should be rendered therefor in plaintiff's favor: *Warder* v. *Fisher*, 48 Wis. 338 (4 N. W. 470).

For the errors committed, the judgment is reversed, and the cause remanded for a new trial.            REVERSED.

